## CHICAGO GREAT WESTERN RY. CO. v. SMITH.

(Circuit Court of Appeals, Eighth Circuit. October 13, 1905.)

No. 2,159.

RAILROADS—INJURY AT CROSSING—CONTRIBUTORY NEGLIGENCE.

    The law requires of one about to cross railroad tracks the vigilant exercise of his faculties of sight and hearing at such short distance therefrom as will be effectual for his protection, and if this duty is neglected, and injury results, there can be no recovery, although the injury would not have occurred but for the negligence of the railroad company.

    [Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1043-1052.]

(Syllabus by the Court.)

In Error to the Circuit Court of the United States for the Northern District of Iowa.

John L. Erdall (A. G. Briggs, on the brief), for plaintiff in error.

P. W. Tourtellot and E. H. Crocker (Henry Rickel, on the brief), for defendant in error.

Before VAN DEVANTER and HOOK, Circuit Judges, and LOCHREN, District Judge.

VAN DEVANTER, Circuit Judge. This was an action under the state statute to recover damages for the death of R. H. Armstrong, who was struck by a locomotive and instantly killed while walking across the tracks of the railway company in its yards at Oelwein, Iowa. The negligence charged against the company was that the locomotive was being driven at a rate of speed prohibited by an ordinance of the town, and that the bell was not rung nor the whistle blown, as required by the ordinance. There may be some question whether the ordinance was applicable to the place of the injury; but it will be assumed that it was, and also that there was sufficient evidence of the right of the deceased to cross the defendant's yards at that place and of the negligence of the company to make the case in these respects one for the jury. One of the defenses set up in the answer was contributory negligence, and the only question necessary to be considered is whether or not this defense was so conclusively proven that the court should have granted the defendant's prayer for a directed verdict in its favor. The evidence, if viewed in the light most favorable to the plaintiff, established these facts:

The company's yards contained several parallel tracks used for various railroad purposes, including the making up and movement of trains and the switching and storage of engines and cars. On one of these

tracks was stored an engine not then in use, spoken of as a "dead engine." Next to it was a track, spoken of as the "coal track," because it led to the place where engines were supplied with coal. The distance between the overhang of the dead engine and the nearest rail of the coal track was about 7 feet. The deceased approached these tracks on a line substantially at right angles to them, passed close by one end of the dead engine, which was on his left, and then over the intervening 7 feet onto the coal track, when he was struck by a locomotive coming from the left which was being driven backward at a rate of possibly 15 or 20 miles an hour. The injury occurred in the daytime. Before reaching the dead engine the deceased looked to the left, but by reason of intervening obstructions he could not have seen the moving locomotive from that point. When he passed the line of the dead engine the other locomotive was in such plain view that its approach would have been disclosed by a mere glance along the track in that direction. There was nothing in the surrounding conditions to distract his attention or to prevent him from taking appropriate observations for his protection. He was not seen by those in charge of the locomotive until after the injury.

These facts permit of no other conclusion than that the deceased went upon the coal track without taking the precautions necessary to determine whether he could do so in safety. This was negligence. The place was one of great danger, and the track was itself a warning. As was said in Elliott v. Chicago, etc., Ry. Co., 150 U. S. 245, 248, 14 Sup. Ct. 85, 86, 37 L. Ed. 1068:

"It can never be assumed that cars are not approaching on a track, or that there is no danger therefrom."

The law requires of one going into so dangerous a place the vigilant exercise of his faculties of sight and hearing at such short distance therefrom as will be effectual for his protection, and if this duty is neglected, and injury results, there can be no recovery, although the injury would not have occurred but for the negligence of others. Continental Improvement Co. v. Stead, 95 U. S. 161, 24 L. Ed. 403; Railroad Co. v. Houston, 95 U. S. 697, 24 L. Ed. 542; Schofield v. Chicago, etc., Ry. Co., 114 U. S. 615, 5 Sup. Ct. 1125, 29 L. Ed. 224; Northern Pacific R. R. Co. v. Freeman, 174 U. S. 379, 19 Sup. Ct. 763, 43 L. Ed. 1014; Chicago, etc., Ry. Co. v. Andrews, 64 C. C. A. 399, 130 Fed. 65; Shatto v. Erie R. R. Co., 59 C. C. A. 1, 121 Fed. 678; Ames v. Waterloo, etc., Co., 120 Iowa, 640, 95 N. W. 161.

But it is urged that the deceased had a right to expect that the company, in propelling a locomotive or train along any of its tracks, would conform to the requirements of the town ordinance, and that he was justified in conducting himself accordingly. The case of Texas Pacific Ry. Co. v. Cody, 166 U. S. 606, 17 Sup. Ct. 703, 41 L. Ed. 1132, is relied upon as sustaining this contention, but it does not go so far. On the contrary, it is in entire accord with the prior and subsequent decisions before cited, which hold that the duties of railroads and travelers at intersecting highways are mutual and reciprocal, and no higher degree of care is required of the one than of the other; that one cannot

too exclusively impose upon the other the duty of avoiding a collision; that negligence on the part of one is no excuse for negligence on the part of the other; and that if both are negligent, and injury results, there can be no recovery. The case relied upon was this: The plaintiff was injured by a train which was being backed over a street crossing in the nighttime. There was evidence tending to show that the night was very dark and misty; that the crossing was not lighted; that no bell was rung, no whistle was blown, and no light was displayed on the train; and that the plaintiff as he went upon the crossing slackened his pace, walked slowly, listened, and looked, but neither saw nor heard the train. In the presence of this evidence tending to show that the plaintiff had taken due precautions for his protection, approval was given to an instruction to the effect that a person attempting to cross a railroad track has the right to expect that the railroad company will give the signals required by law, and, "if he is without fault" and the company fails to give such signals, and its neglect results in his injury, he can recover. The present case is quite different. In no view of its facts can the deceased be said to have been without fault. The injury occurred in broad daylight. He stepped immediately in front of a rapidly moving engine which was in plain view when he was yet in a place of security, and when there was nothing in the situation to distract his attention or to prevent him from exercising due regard for his safety. He was conclusively shown to have been guilty of negligence contributing to his injury, and a verdict for the defendant should have been directed.

The judgment is reversed, with a direction to grant a new trial.