[No. 2502.   Oct. 22, 1921.]

## MOREHEAD v. ATCHISON, T. & S. F. RY. CO.

### SYLLABUS BY THE COURT.

Where one approaching a railroad crossing in an automobile according to his own testimony stopped, looked, and listened at a distance of 57 feet from the track, and did not thereafter again stop, look, and listen, but drove upon the track, he is guilty of contributory negligence, and cannot recover for injury to himself or to his car occasioned by the collision between the train and his car upon the crossing.

Appeal from District Court, Chaves County; Brice, Judge.

Action by Jesse Morehead against the Atchison, Topeka & Santa Fe Railway Company. Judgment for plaintiff, and the defendant appeals. Reversed, with instructions to enter judgment for the defendant.

G. S. Downer, W. C. Reid, and E. C. Iden, all of Albuquerque, for appellant.

Appellee was, as a matter of law, guilty of such contributory negligence as to bar his recovery in any amount. Toledo S. & W. R. Co. v. Gallagher, 109 Ill. App. 67; Mercer v. Walker, 58 Pac. 27, 9 Kan. App. 882, 60 Pac. 735, 61 Kan. 736; M. K. & T. Ry. Co. v. Duffey, 71 Pac. 261, 66 Kan. 735; St. Louis & S. Ry. Co. v. Simms, 92 S. W. 909, 116 Mo. App. 572; McAuliffe v. New York Central & H. R. R. Co., 73 N. E. 1126, 181 N. Y. 537; Penn Co. v. Alburn, 23 Ohio Circuit Court 130; Hess v. Williamsport &

M. B. R. Co., 37 Atl. 568, 181 Penn. St. 492; Haupp v. New York Central & H. R. R. Co., 42 N. Y. S. 477, 18 Miscel. Rep. 594, 45 N. Y. S. 666, 20 Miscel. Rep. 291; Chicago Great Western Ry. Co. v. Smith, 141 Fed. 930, 73 Circuit Court of Appeals 164; Burns v. Louisville & N. R. Co., 33 So. 891, 136 Ala. 522; St. Louis I. M. & S. Ry. Co. v. Johnson, 86 S. W. 282, 74 Ark. 372; Choctaw O. & G. R. Co. v. Baskins, 93 S. W. 757, 78 Ark. 355; Thornton v. Cleveland C. C. & St. L. Ry. Co., 31 N. E. 185, 131 Ind. 492; Malott v. Hawkins, 63 N. E. 308, 159 Ind. 127; Day v. Boston & M. R. R. Co., 52 Atl. 771, 96 Me. 207, 90 Am. St. Rep. 335; Houghton v. Chicago & G. T. Ry. Co., 58 N. W. 314, 99 Mich. 308; Sandberg v. St. Paul & D. R. Co., 83 N. W. 411, 80 Minn. 442; Winter v. N. Y. & L. R. R. Co., 50 Atl. 339, 66 N. J. L. 677; Candelaria v. A. T. & S. F. Ry. Co., 6 N. M. 274; R. R. Co. v. Houston, 95 U. S. 697.

W. E. Rogers, of El Paso, Tex., for appellee.

We have no complaint to make of the authorities cited by appellant, but we do complain of counsel's attempted application of the same.

### OPINION OF THE COURT.

RAYNOLDS, J.   This is an appeal from an action instituted by Jesse Morehead against the Atchison, Topeka & Santa Fe Railway Company to recover for personal injuries and damages to property which occurred in a collision between a train and an automobile on the public road crossing in the city of Roswell, N. M.   In the lower court appellee, Morehead, recovered judgment for the sum of $466.50, from which judgment appellant appeals to this court.

As stated by appellant in his brief:

"There is but one assignment of error in this case, which is, in effect, that the evidence showed contributory negligence as a matter of law." "The question is simply whether or not

the Supreme Court, after reading the testimony contained in the transcript, considers the evidence upon which appellee must rely as sufficient under the rule often announced by this court that it will not disturb the findings of the lower court or the verdict of the jury when supported by substantial evidence, and, if the court then considers there is sufficient substantial evidence under its former rulings to support the verdict, whether granting that the appellee's story is true, the facts disclosed thereby do not constitute, as a matter of law contributory negligence barring recovery."

The appellee's story of the collision upon which he must recover, although contradicted in some particular by other witnesses, was substantially as follows: Appellee, with others, had attended an entertainment which broke up about midnight, when, with the others, he got into a Ford car owned by the appellee and went in search of a place in which to get a lunch. After going to several places which were closed, they went to the Santa Fe Restaurant, located on the south side of Fifth street and about 57 feet west of the railroad's main line of track where it crossed Fifth street. The railroad company's depot is on the opposite side of this street and in the neighborhood of 200 feet from the north edge thereof. When the parties in the automobile saw that the restaurant was closed, they started up again and started across the track to turn around. They were, according to appellee's testimony, at the restaurant probably half a minute. The appellee was driving. He stopped the car entirely and looked to see if the restaurant was closed, saw it was, and started on. He looked and listened for trains at the time he stopped, looked, and listened to see if there were any trains or any light. After starting up about 10 feet from the track, he changed from low to high gear. The first time he noticed the train he was upon the track and the train was about 5 feet from him. He did not look around from the time he first stopped, looked, and listened 57 feet away until he was hit by the train. When he stopped,

looked, and listened, he did not hear or see any train. There was no headlight according to his testimony, nor was any bell rung nor whistle blown. At the time he stopped in front of the restaurant and looked and listened, he looked and listened carefully, and thought he was safe. In reply to a question as to whether he looked up between the time he started from the restaurant and the time he approached the track, he said:

"Well, I usually look right straight ahead you know when I am driving; after looking both ways and listening, I don't remember anything. I was looking straight ahead."

This is, in substance, the appellee's story, and, although it is contradicted on several points, and the evidence is conflicting, it must be assumed for the purposes of this case that the jury believed it and based their verdict in his favor upon this evidence.

If we make this assumption, in our opinion a case of contributory negligence is made out, and the appellant's motion for a directed verdict in its favor should have been granted by the trial court.

As shown by the above statement, according to appellee's own story, he stopped, looked, and listened, 57 feet away from the track which he was about to cross; he did not look again, but went upon the track where the collision occurred. The cases on similar facts are not numerous, but are uniform in holding that one must look from a point which will enable him to see, and that he must continue to look and listen until the point of danger is passed.

We do not find it necessary in this case to decide that, when the witness says he did look and did not see an object which in the nature of things he must have seen if he did look, on this question his testimony must be disregarded and cannot be credited; but we decide upon the proposition that, assuming

his story to be true and that he stopped, looked, and listened as he said he did, nevertheless he performed these acts at such a time and in such a position that his going upon the track immediately thereafter without further exercising his faculties of sight and hearing makes out a case of contributory negligence and prevents his recovery.

We quote from a few of the numerous authorities upon the principle herein involved.

"The law requires of one going into so dangerous a place the vigilant exercise of his faculties of sight and hearing at such short distance therefrom as will be effectual for his protection, and if this duty is neglected, and injury results, there can be no recovery, although the injury would not have occurred but for the negligence of others. Continental Improvement Co. v. Stead, 95 U. S. 161, 24 L. Ed. 403; Railroad Co. v. Houston, 95 U. S. 697, 24 L. Ed. 542; Schofield v. Chicago, M. & St. P. R. Co., 114 U. S. 615, 5 Sup. Ct. 1125, 29 L. Ed. 224; Northern Pacific R. R. Co. v. Freeman, 174 U. S. 379, 19 Sup. Ct. 763, 43 L. Ed. 1014; Chicago, etc., Ry. Co. v. Andrews, 64 C. C. A. 399, 130 Fed. 65; Shatto v. Erie R. R. Co., 59 C. C. A. 1, 121 Fed. 678; Ames v. Waterloo, etc., Co., 120 Iowa 640, 95 N. W. 161." Chicago Great Western Ry. Co. v. Smith, 141 Fed. 930, at page 931, 73 C. C. A. 164.

"The duty to look and listen requires the traveler to exercise care to select a position from which an effective observation can be made. The mere fact of looking and listening is not always a performance of the duty incumbent upon the traveler, for he must also exercise care to make the act of looking and listening reasonably effective." —and cases cited. Elliott on Railroads, vol. 3, par. 1166.

"The doctrine has been repeatedly stated by this court that a traveler approaching a railroad crossing must take notice of the fact that it is a place of danger, and must not only look and listen for the approach of trains before he goes upon the track, but must continue to look and listen until he has passed the point of danger. He must continue his vigilance until the danger is passed, and must look both ways up and down the track." Choctaw, O. & G. R. Co. v. Baskins, 78 Ark. 355, 358, 93 S. W. 757, 758, and cases cited.

"One need not be vigilant at extravagantly long range. This would be futile, and precaution might exhaust itself

before peril came. Nor does the law expect incessant observation, or exact the performance of the impossible feat of looking both ways at once. But it is plain that care, in order to be effective, must cover the whole field of danger. If risk is inherent in a continuing state of things, the duty to exercise reasonable care is to the same extent a continuing obligation." Winter v. New York, & L. B. R. Co., 66 N. J. Law 677, 50 Atl. 339.

See, also, Malott v. Hawkins, 159 Ind. 127, 63 N. E. 308.

As to what is contributory negligence see Candelaria v. A. T. & S. F. Ry. Co., 6 N. M. 266, at p. 274, 27 Pac. 497.

For the reason above stated, the motion of the appellant for a directed verdict in its favor should have been granted. As there is no error complained of in the admission or exclusion of evidence, and a new trial would present the same legal proposition upon the testimony, the case is reversed, with an order to the trial court to enter judgment for the appellant; and it is so ordered.

ROBERTS, C. J., and PARKER, J., concur.