## WABASH RY. CO. v. HUELSMANN.

(Circuit Court of Appeals, Eighth Circuit. May 22, 1923. Rehearing Denied August 3, 1923.)

No. 6167.

1. **Railroads** ⬥327(1)—**Driving on track without looking or listening negligence.**
    Generally, a person who drives his team, automobile, or motor truck on a railroad track at a street or highway crossing in front of an approaching train, which he could have seen, had he looked, or could have heard, had he listened, is in law guilty of contributory negligence, and cannot recover damages from the railroad company.

2. **Railroads** ⬥328(1)—**Automobile truck driver held negligent in not looking.**
    One driving an automobile truck, struck by a train visible for 375 feet after he passed an obstruction 27 feet from the track, *held* guilty of contributory negligence as matter of law, in that he either did not look, or, if he did look, he failed to give heed to what he saw.

3. **Railroads** ⬥330(2)—**Neither open gates nor failure to give signals relieves from duty to look and listen.**
    Neither open gates nor failure of the railway company to give signals at a railway crossing relieves one about to cross the tracks from the duty to use due care to look and listen for an approaching train.

    Kenyon, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action by Joseph Huelsmann against the Wabash Railway Company. Judgment for plaintiff, and defendant brings error. Reversed, with direction.

Homer Hall, of St. Louis, Mo. (L. H. Strasser and N. S. Brown, both of St. Louis, Mo., on the brief), for plaintiff in error.

Robert J. Keefe, of St. Louis, Mo. (William L. Igoe and Vance J. Higgs, both of St. Louis, Mo., on the brief), for defendant in error.

Before KENYON, Circuit Judge, and BOOTH and JOHNSON, District Judges.

JOHNSON, District Judge. [1] It is the general rule in this jurisdiction that a person who drives his team, automobile, or motor truck upon a railroad track at a street or highway crossing in front of an approaching train, which he could have seen had he looked, or could have heard had he listened, is in law guilty of contributory negligence, and cannot recover damages from the railroad company. Pyle v. Clark, 79 Fed. 744, 25 C. C. A. 190; Chicago Great Western Ry. Co. v. Smith, 141 Fed. 930, 73 C. C. A. 164; Union Pac. R. Co. v. Rosewater, 157 Fed. 168, 84 C. C. A. 616, 15 L. R. A. (N. S.) 803, 13 Ann. Cas. 851; Davis v. Chicago, R. I. & P. Ry. Co., 159 Fed. 10, 88 C. C. A. 488, 16 L. R. A. (N. S.) 424; Chicago, M. & St. P. Ry. Co. v. Bennett, 181 Fed. 799, 104 C. C. A. 309; Northern Pac. Ry. Co. v. Tripp, 220 Fed. 286, 136 C. C. A. 302; Chicago Great Western R. Co. v. Biwer (C. C. A.) 266 Fed. 965; Gordon Fireproof Ware-

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

house & Van Co. v. Hines (C. C. A.) 272 Fed. 604; Atchison, T. & S. F. Ry. Co. v. McNulty (C. C. A.) 285 Fed. 97; Bradley, Administratrix, v. Missouri Pacific R. R. Co. (C. C. A.) 288 Fed. 484.

There may be exceptions to this general rule. The circumstances of a particular case might be so unusual that it should be left to the jury to determine whether the person injured had been guilty of contributory negligence. The circumstances of this case, however, are not unusual. On the contrary, this is the usual case of inattention.

[2] Angelica street, in St. Louis, runs east and west. The tracks of the defendant railroad company cross the street at right angles from north to south. The defendant maintained gates at the crossing and employed a watchman to operate them from 7 o'clock in the morning until 5 in the afternoon. Plaintiff was injured at 5:45 on the afternoon of the 26th day of July, 1920. There was a shed on the north side of Angelica street 27 feet and 3 inches west of the west rail of the track. The track begins to curve towards the west at a point 375 feet north of the street. On the day of the accident a freight car was standing at this point on a spur switch west of the main track. Seventy-five feet south of the freight car, upon the same side of the track, was a pile of cross-ties 8 or 10 feet high. It is clear from the testimony that this pile of cross-ties could not have obstructed plaintiff's view of the train, and it will not be mentioned again. On the day of the accident, plaintiff was driving his motor truck east on Angelica street towards the crossing. He testified that, immediately after passing the shed, he looked north and saw the freight car, but did not see the train; that he approached the track at a speed of 5 or 6 miles an hour; that when within 5 or 6 feet of the track he looked south along the side of the watchman's shanty, and, seeing no train, shifted gears and drove his truck on the track; that just as the front wheels of the truck were on the left rail he heard the puffing of the engine, and, looking up, saw the train 20 or 30 feet away, approaching from the north. The truck was demolished and plaintiff was seriously injured.

The highest estimated speed of the train was 40 miles an hour. Plaintiff testified he was going 5 or 6 miles an hour. If he was going 5 miles an hour, the train was moving eight times faster than the truck. While plaintiff traveled 27 feet and 3 inches the train traveled 218 feet. The engine, then, was 218 feet plus 30 feet (the distance which plaintiff testified the engine was from him when he first saw it), or 248 feet, north of the street when plaintiff passed the shed. He could at that time see 375 feet along the track. The conclusion is irresistible that the train was in plain view during all the time plaintiff was approaching the track after he had passed the shed. Either he did not look, or, if he did look, he failed to give heed to what he saw.

[3] It is impossible to distinguish this case from the case of Atchison, T. & S. F. Ry. Co. v. McNulty, supra. In that case the court said:

"The only reasonable deduction that can be drawn from the evidence is that the driver and the plaintiff either did not look toward the approaching train at a place where a view could have been had a reasonable distance down the track, or, if either of them looked at such a place, no heed was given to the oncoming train, until it was too late to avoid the accident, and the conduct of the driver was negligence as a matter of law."

And:

"Neither open gates nor failure of the railway company to give signals at a railway crossing relieves one about to cross the tracks from the duty to use due care to look and listen for an approaching train."

The judgment is reversed, and the court below directed to grant a new trial.

KENYON, Circuit Judge (dissenting). Under the facts of this case, I think the trial court was right in refusing to direct a verdict for the defendant, and submitting to the jury the question of contributory negligence. It would serve no useful purpose to discuss the evidence. It seems to me the facts are quite different from those in the case of Atchison, Topeka & Santa Fé Railway Co. v. McNulty, 285 Fed. 97, recently decided by this court.