### LAMELY v. BALTIMORE & O. S. W. R. CO.

(Circuit Court of Appeals, Seventh Circuit. February 23, 1924.)

No. 3335.

Railroads ⊜328(4)—Truck driver, injured at crossing, held negligent.

Plaintiff, who was struck and injured at a highway crossing over defendant's railroad, while driving a truck, in the daytime, *held* chargeable with contributory negligence as matter of law, where until he reached defendant's right of way he had a clear view of the track in the direction from which the train was approaching for two miles, but did not look until near the crossing, where the view was obstructed.

In Error to the District Court of the United States for the Eastern District of Illinois.

Action at law by William Lamely against the Baltimore & Ohio Southwestern Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Louis Beasley, of East St. Louis, Ill., for plaintiff in error.

Bruce A. Campbell, of East St. Louis, Ill., for defendant in error.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Plaintiff was injured while crossing defendant's railroad tracks near East St. Louis, and was defeated in his action to recover damages Hence this writ of error. Our only duty is to determine whether the evidence presented a jury question respecting plaintiff's contributory negligence. The trial judge directed a verdict for defendant.

Defendant's alleged negligence, as set forth in three separate counts of the declaration, consisted of (a) a violation of the bell and whistle statute of the state of Illinois (Smith-Hurd Rev. St. 1923, c. 114, § 59); (b) the obstruction of view near the crossing due to the presence of numerous cars on the sidetrack; (c) the careless ·and the negligent driving of the engine at a high rate of speed, etc. On questions involving defendant's negligence, the evidence was conflicting, and we conclude that issue was one for the jury. But opposing counsel contest squarely the issue of contributory negligence. We have, as we are re-

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

quired to do, considered the evidence, and the inferences logically flowing therefrom, to ascertain whether a jury would have been warranted in finding plaintiff free from contributory negligence in driving across the track under the circumstances and conditions disclosed.

At the place of injury there are two sets of tracks, almost parallel, about 100 feet apart. One is used by the Pennsylvania Railroad, which company maintains a switchman at its crossing, and the other is used by defendant. Three tracks are by it used—one carrying trains in an easterly direction, the other carrying them in a westerly direction, and the third a side track, which runs east about 600 feet from the crossing, and at the time in question was occupied by cars, their number and size, however, being in dispute. The public highway crosses the track from northeast to southwest, the highway distance between the two crossings being about 216 feet. Defendant's right of way is graded 3 or 4 feet higher than that of the Pennsylvania, but the country about is flat and level. At the crossing was a large "stop" sign.

Plaintiff, who was thoroughly familiar with the crossing, was engaged in carrying coal from a mine to the city, using a three-ton truck. Traveling from the northeast, he first reached the Pennsylvania tracks, where the switchman gave a signal by which he intended to direct plaintiff's attention to defendant's oncoming train. Plaintiff did not understand the signal, so he says, and proceeded past the Pennsylvania tracks. It was about 3:30 in the afternoon, and plaintiff's truck was loaded with coal. His engine was in "high gear," but just before reaching defendant's track plaintiff stopped and shifted into second gear. This was 10 feet from the stop signal.

Plaintiff states that he then looked in an easterly direction, but because of the cars upon the side track and a pile of ties he was unable to see the train. Plaintiff says he "stopped four or five minutes" when he shifted gears, and, seeing or hearing no train, he proceeded across the track, and was struck by defendant's express train, traveling about 35 or 40 miles per hour. His truck was demolished, and he suffered personal injuries. Up to within a few feet of defendant's right of way one could have seen an approaching train for a distance of 2 miles.

The precise question is this: Was the plaintiff guilty of negligence in approaching the tracks without making observations, when he could have seen the approaching train 2 miles away, and was he guilty of contributory negligence in driving on the track without ascertaining whether the track was clear? Plaintiff attempts to explain his failure to heed the warning of the switchman by saying he misunderstood his signals, and that he did not look to the east when crossing the Pennsylvania tracks, or at any time thereafter until he neared defendant's tracks, because his attention was given to driving the truck, and the seat wherein he sat was somewhat inclosed, which would have necessitated his looking backward as well as sidewise to see the train.

Accepting momentarily this explanation, we are confronted with a more serious act of carelessness. After attempting to make the observation, and being unable to do so, plaintiff "took his chance" and drove across the track in front of an oncoming train. Giving full faith to plaintiff's explanation of the reasons which actuated him, we are unable

to find any question for the jury   Respecting the situation there is no confusion or uncertainty due to conflicting testimony.   Plaintiff's duty might well be said to have been an absolute duty.   It was not one which might or might not have been recognized, due to the different views which different individuals might obtain from conflicting evidence.   If plaintiff was under any obligation to ascertain at a highway crossing the coming of a train, we are satisfied he did not meet it.   Not having looked when the view was unobstructed, he proceeded without ascertaining a fact essential to his safe passage.

While he had a perfect right to travel the highway, the trains had the "right of way" at the crossing.   Ordinary care required that he ascertain, by the use of his various senses, whether trains were coming; and if he neglected to look when the view was clear, he should have *ascertained* the fact—not merely "looked" when the view was obscured or obstructed.   He was driving a truck heavily loaded, and he could not, therefore, readily accelerate its speed.   The further fact that the noise of his own truck made it impossible for him to hear the oncoming train or the whistle added to the necessity of extra precautions.

The decisions in defendant's favor are numerous, and the facts in many of them are strikingly similar to those in the case at bar.   Elliott v. Chicago, Milwaukee, etc., Railway, 150 U. S. 245, 14 Sup. Ct. 85, 37 L. Ed. 1068; Erie R. Co. v. Hurlburt, 221 Fed. 907, 137 C. C. A. 477; Brommer v. Pennsylvania Ry. Co., 179 Fed. 577, 103 C. C. A. 135, 29 L. R. A. (N. S.) 924; Northern Pac. Ry. Co. v. Alderson, 199 Fed. 735, 118 C. C. A. 173; Chicago Great Western Ry. Co. v. Smith, 141 Fed. 930, 73 C. C. A. 164; Wabash Ry. Co. v. Huelsman (C. C. A.) 290 Fed. 165; Atchison, T. & S. F. Ry. Co. v. McNulty (C. C. A.) 285 Fed. 97; N. Y. C. & H. R. R. Co. v. Maidment, 168 Fed. 21, 93 C. C. A. 413, 21 L. R. A. (N. S.) 794.

The foregoing conclusion is confirmed by an examination of the photographs, which disclose an unusually level country, free from obstructions.   They show conclusively that the train could have been clearly seen for a considerable distance before plaintiff reached the tracks.   This conclusion is further confirmed by the testimony of two disinterested witnesses, one testifying for the plaintiff and the other for the defendant.   They were both truck drivers, one traveling 100 feet behind plaintiff, while the other was traveling in the opposite direction, and was on the opposite side of defendant's right of way.   Both of these drivers saw the train and stopped their trucks until it passed. Their testimony throws doubt upon plaintiff's statement that he came to a stop before attempting to cross the tracks.   Ignoring this dispute of plaintiff's story, the fact remains that they both exhibited the degree of caution and care which not only should be, but is ordinarily, exercised by a driver about to pass over a railroad crossing—a standard by which the court may well have measured plaintiff's action.

The judgment is affirmed.