[No. 2851.   Feb. 19, 1925]

## SANDOVAL v. ATCHISON, T. & S. F. RY. CO.

### SYLLABUS BY THE COURT

1. Negligence of a railway company in operating its train over a country crossing at a speed of 30 miles per hour, which was its usual custom, within the knowledge of the plaintiff, whose automobile was wrecked by collision with the train, is not made out, in the absence of other evidence as to excessiveness of speed.

2. The charge of negligence in failing to give proper signals for a crossing over a railroad is not made out where,

without contradiction, the railroad company shows that such signals were in fact given, and where plaintiff whose automobile was wrecked by collision with the train, simply says that he did not hear the signals, and that probably the reason was that he was completely enclosed in his car with the curtains.

3. The plaintiff drove his automobile into the train of defendant, after the locomotive and tender had passed the crossing. From a point thirty-three feet from the crossing, the view of the track was entirely unobstructed, and an approaching train could be seen by any one willing to look. The plaintiff did not look. Under such circumstances, no recovery can be had for damages for the loss of his automobile. Morehead v. A. T. & S. F. Ry. Co., 27 N. M. 249, 201, P. 1043, followed.

4. A plea of general denial and a plea of contributory negligence are not inconsistent in a legal sense and may, when separately pleaded, be embodied in the same answer.

Appeal from District Court, Valencia County; Owen, Judge.

Action by Gabriel Sandoval against the Atchison, Topeka & Santa Fe Railroad Company, in which defendant filed cross-complaint. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with directions.

W. C. Reid, of Albuquerque, J. M. Hervey, of Roswell, and E. C. Iden, of Albuquerque, for appellant.

D. J. Melton and W. C. Heacock, both of Albuquerque, for appellee.

OPINION OF THE COURT·

PARKER, C. J. The plaintiff (appellee) was driving his automobile on the road west of Grants, in Valencia county. At a point 3 miles west of Grants, the road leading to San Mateo, where plaintiff resides, makes a right-angle turn and proceeds north across the tracks of the defendant (appellant). Defendant's right of way is 100 feet wide on each side of its tracks, and, from the turn, 100 feet away from the tracks, to the crossing, the highway gradually ascends. It was a windy day, the wind blowing from the west and raising considerable dust. Plaintiff had all of the curtains on the car and was, together with three com-

panions riding with him, completely inclosed in the car. He drove to within 10 feet of the crossing, when one of his companions called his attention to the approaching train of defendant from the east, whereupon he applied his brakes, but failed to stop in time, and the automobile collided with the baggage car of defendant's train, the locomotive and tender having already passed the crossing. No one was hurt, but the automobile was wrecked.

Plaintiff brought action for damages for the destruction of the automobile, based upon the alleged negligence of defendant. Defendant answered, denying negligence, and, by way of new matter, charging plaintiff's negligence in the operation of his automobile as the proximate cause of the injury, and charging plaintiff with contributory negligence. Defendant also filed a cross-complaint, charging plaintiff with negligently injuring defendant's train to the extent of $100. Plaintiff replied, putting into issue the allegations of the answer by way of new matter, and answered the cross-complaint. At the close of the case defendant moved for an instructed verdict, which motion was denied. The case went to the jury, and it returned a verdict for plaintiff in the sum of $1,400. Defendant moved for judgment non obstante veredicto, which motion was denied. The court required a remittitur of $500, which was agreed to by the plaintiff, and judgment was thereupon rendered for plaintiff for $900 as damages, from which defendant has appealed. Counsel for plaintiff seek to sustain the judgment upon three acts of alleged negligence of defendant.

[1] 1. They say that defendant was operating its train (No. 3) at a high rate of speed, amounting to negligence under the circumstances. The circumstances relied upon are that it was windy and dusty. Whether it was sufficiently dusty to obscure the view is not shown. The plaintiff, long familiar with the crossing and the speed of trains thereat, testified that the train was running at its usual speed of about 30 miles per hour. Under such circumstances, and there

being no statutory regulation of the speed of trains, the question of excessive speed of trains as evidence of negligence is not involved and need not be considered. 3 Elliott on Railroads, 523.

[2] 2. Counsel say that defendant was negligent in not giving proper warning signals for the crossing. Defendant proved without contradiction by its trainmen that warning signals were given both by whistle and bell. No attempt by plaintiff was made to show that if signals had been given they could have been heard by the occupants of the automobile. He simply says that no signals were heard, and that probably the fact that the curtains were all on, completely inclosing the occupants of the car, accounts for their failure to hear the signals. Under such circumstances, the evidence is that the signals were given, and there is no evidence to the contrary.

[3] 3. Plaintiff relies upon the alleged negligent maintenance of an embankment upon defendant's right of way, obscuring the view of travelers approaching the crossing. There is some evidence to the effect that at the turn, 100 feet from the crossing, there is an embankment which might obscure the view of the track, but the evidence is uncontradicted that from a point 33 feet from the crossing, all the way up to the crossing, there is nothing to obscure the view of an approaching train by any one who is willing to look. The plaintiff, in traveling this 33 feet, never looked up the track to see if there was an approaching train until he was within 10 feet of the crossing, when one of his companions called out that the train was approaching, whereupon he applied the brakes to stop his automobile, but failed to stop in time. This was gross negligence on the part of the plaintiff, and prevents a recovery. It is a worse case than Morehead v. A., T. & S. F. Ry. Co., 27 N. M. 349, 201 P. 1048, where it was held no recovery could be had.

[4] 4. A point is made by plaintiff on the pleadings. It is said that, inasmuch as defendant pleaded a general denial of negligence, and pleaded contributory

negligence on the part of plaintiff, the latter plea nullifies the former, because of inconsistency. The argument is faulty. In the first place, the pleas are not inconsistent in a legal sense. Upon this subject, see 29 Cyc. 582; 31 Cyc. 151, 152; 20 R. C. L., "Negligence," § 150; Kimble v. Stackpole, 60 Wash. 35, 110 P. 677, 35 L. R. A. (N. S.) 148; Seattle National Bank v. Carter, 13 Wash. 281, 43 P. 331, 48 L. R. A. 177 and note, which contains a valuable discussion, generally, of inconsistency in pleas. See also Pomeroy, Code Remedies (4th Ed.) §§ 598-600. Mr. Pomeroy points out that even where inconsistent defenses are not allowable, a plea of one inconsistent defense cannot be used to nullify another inconsistent plea, the remedy being by a motion to strike out or to compel an election. See also 31 Cyc. 151, to the same effect. It is true that the plaintiff, at the beginning of the trial, made an oral motion to strike the entire defense of the defendant, on the ground of inconsistency. This seems to be allowable in some states. But the more proper method would seem to be to move to compel the party to elect between the inconsistent pleas, or at least to move to strike out the inconsistent pleas occurring after the first plea, rather than to move to strike out the entire pleading. See 31 Cyc. 635. It thus appears that these pleas interposed by the defendant were not inconsistent in a legal sense, and if they were, the proper mode to present the question was not pursued in this case.

Counsel makes a misapplication of what we said in Thayer v. D. & R. G. R. R. Co., 21 N. M. 330, 154 P. 691. In that case, we considered no such question as is here presented, viz., can a general denial and a plea of contributory negligence, separately pleaded, be united in the same answer? We hold that they may be. In the Thayer Case, the language used, to the effect that a plea of contributory negligence is a plea of confession and avoidance, and admits negligence on the part of the defendant, was used to demonstrate that the plea interposed in that case was not a plea of con-

tributory negligence, but was merely only a further general denial of plaintiff's complaint.

It follows from all of the foregoing that the judgment of the court below is erroneous and should be reversed, and the cause remanded, with directions to enter judgment in favor of defendant; and it is so ordered.

BICKLEY and WATSON, JJ., concur.