**NELSON v. CHICAGO, M., ST. P. & P. R. CO.**

No. 4885.

Circuit Court of Appeals, Seventh Circuit.

Jan. 26, 1933.

Roy F. Hall and W. R. Dusher, both of Rockford, Ill., for appellant.

M. L. Bluhm and C. S. Jefferson, both of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and WILKERSON, District Judge.

EVANS, Circuit Judge.

Appellant was injured and his automobile damaged when he was struck by an engine pulling a train for appellee in the city of Rockford on March 19, 1929. This action for damages resulted. On the trial, the court directed a verdict for appellee at the close of the plaintiff's presentation of evidence, and judgment for appellee was duly entered. This appeal followed.

The only question presented for our determination arises out of the asserted defense of contributory negligence. In other words, if the evidence made this issue one for the jury, then the verdict was improperly directed and the judgment must be reversed. Appellee insists that the case is governed by the decision in Baltimore & O. R. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645, and with this position we agree.

Viewing the evidence most favorably to appellant, as we must do in reviewing the court's order directing a verdict, the essential facts are few and undisputed.

Appellant was driving his car on School Street in the city of Rockford about eight o'clock in the evening, when he was struck by an engine as he crossed appellee's tracks which ran perpendicularly across said street. When 28 feet from the point of the accident, appellant had an unobstructed view up appellee's right of way for a distance of 600 feet. Looking up the track he could not fail to see the headlight of an oncoming train. His car was moving from 5 to 10 miles per hour. His testimony shows that the train, about 600 feet long, was "coming fast," or about "35 miles per hour." Appellant drove his car on the track ahead of the engine—was struck and injured.

A clear case of contributory negligence is made out by this recital of the facts, and the trial judge's duty to take the case from the jury was mandatory.

It is true that appellant said he looked down the right of way, as he drove upon the

first track, and saw no train. It is also true that appellant said he looked again as he crossed the second set of tracks and that he saw a train coming "quite a little ways" down the track. He was traveling from 5 to 10 miles an hour. The oncoming train struck his car before he passed over the tracks. The physical facts make it impossible to explain the occurrence, except in one way, and that one way is fatal to appellant's denial of contributory negligence. If appellant were driving but 5 miles an hour, instead of from 5 to 10, and the train was moving 35 miles an hour, then the train must have been but 196 feet away when appellant came to the point where he could, and, as he says, did look down the right of way. If he traveled the next 28 feet no faster than 5 miles an hour, the train must clearly have been closer than 196 feet. Under such circumstances, to drive the car across the track in front of the oncoming engine constituted contributory negligence. Lamely v. Baltimore & O. S. W. R. R. Co. (C. C. A.) 298 F. 916.

The judgment is affirmed.