### ATCHISON, T. & S. F. RY. CO. v. HERBOLD.
### No. 3615.

Circuit Court of Appeals, Tenth Circuit. July 14, 1948.

---

E. C. Iden, of Albuquerque, N. M. (R. S. Outlaw, of Chicago, Ill., and B. G. Johnson, of Albuquerque, N. M., on the brief), for appellant.

George L. Reese, Jr., of Carlsbad, N. M. (Reese & McCormick, of Carlsbad, N. M., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an action for damages under the New Mexico Wrongful Death Statute [1] brought by Johnny Herbold against the Atchison, Topeka and Santa Fe Railway Company.[2]

Frank J. Herbold [3] died as the result of a collision between a passenger automobile driven by him and a regular passenger train of the Railway Company.

In the complaint it was alleged that the Railway Company was negligent in that it failed to ring the locomotive bell and blow the locomotive whistle as its train approached the crossing, and that, by the exercise of ordinary care, the Railway Company could have seen the perilous position of Herbold as he drove upon or over, or was stalled upon the tracks at the crossing, and saw or could have seen, by the exercise of ordinary care, that a collision was imminent unless the train reduced its speed or stopped before it reached the crossing, and that the Railway Company failed to reduce the speed of the train or to stop it before the collision.

The railroad consists of a two-hundred-foot right of way. A single line of tracks extends along the center of the right of way in a north and south direction. The tracks run straight for a considerable distance on both sides of the crossing. The highway runs east and west and crosses the tracks at right angles. The crossing is about one and one-half miles from the railway depot at Artesia, New Mexico. There are no obstructions to the view of a trav-

---

[1] New Mexico Stat.Ann.1941, §§ 24-101 to 24-104, inclusive.

[2] Hereinafter called the Railway Company.

[3] Hereinafter called Herbold.

eler approaching the crossing either from the east or west. The accident occurred on a clear night at about 8:30 p. m., January 28, 1946. The train consisted of six cars and a locomotive and was approaching the crossing from the south on its regular run from Carlsbad to Clovis, New Mexico. It was running on schedule. The automatic standard locomotive bell was ringing from a point one-fourth mile from the crossing until the train stopped and the engineer shut it off, and the locomotive headlight was burning as the train approached the crossing.

Stone, the engineer on the locomotive, called as a witness for the plaintiff, testified he was keeping a lookout as he approached the crossing; that he had observed a locomotive headlight in the Artesia yard beyond the depot and was watching for a flagman; that when the train reached a point about 100 feet from the crossing, he observed an automobile without lights approaching the crossing from the east; that the automobile was about 50 feet from the crossing when he first saw it; that he immediately applied the air; that the collision followed; that the train was traveling 40 miles per hour as it approached the crossing; that it could have been stopped normally in about 1800 feet, and in about 800 feet by using emergency equipment; and that he could see objects by the light of the headlight a distance of about 1000 feet.

Stone, Mathers, the conductor, Hooper, the rear brakeman, and Robertson, the fireman, on the train testified that the usual crossing whistle, two longs and two shorts, was given about one-quarter of a mile from the crossing; that before reaching the crossing the brakes had been applied to slow down the train preparatory to stopping at the Artesia station, and that the train was traveling about 40 miles per hour as it approached the crossing.

Robertson testified that he was in the fireman's seat in the cab as the train approached the crossing and was keeping a lookout and that he saw no automobile approaching the crossing from the west and no headlights of an automobile approaching the crossing from the east.

Hooper testified that after the collision he observed with his flashlight an automobile to the east and north of the tracks and called out to get an ambulance; that the automobile turned and moved away, its lights not being turned on until it had traveled a considerable distance.

There was evidence by two witnesses living in a tourist cabin located about 300 yards from the crossing that the whistle was not blown as the train approached the crossing.

There was also evidence from which the jury might have found that Herbold approached the crossing from the west.

The suggestion that the Herbold car might have been stalled on the crossing rests wholly on conjecture and is unsupported by any substantial evidence.

There was no substantial evidence that the train was traveling at an excessive speed or that the engineer or fireman observed Herbold in a position of peril and, thereafter, failed to take steps to avoid the accident.

Herbold was familiar with the crossing, having crossed it many times over a period of six years to obtain milk. He also knew that the passenger train arrived at the crossing when on schedule at about the time of the collision.

At the close of the evidence, the Railway Company moved for a directed verdict on the ground Herbold was guilty of contributory negligence as a matter of law. The motion was denied.

The jury returned a verdict against the Railway Company. It moved for judgment notwithstanding the verdict. That motion was denied.

The court gave an instruction on last clear chance.

■ Under the law of New Mexico, a traveler on a highway approaching a railroad crossing is under the continuous duty to effectively look and listen and observe ordinary care for his own safety. Morehead v. Atchison, T. & S. F. Ry. Co., 27 N.M. 349, 201 P. 1048, 1049.

■ Here, the crossing was open and unobstructed. If Herbold looked, he must

have seen the approaching train and undertook to pass over the crossing ahead of it. So to do would constitute contributory negligence as a matter of law.[4]

If he approached the crossing known to him and failed to look from an effective point, he was likewise guilty of contributory negligence as a matter of law. Morehead v. Atchison, T. & S. F. Ry. Co., supra; Brim v. Atchison, T. & S. F. Ry. Co., 136 Kan. 159, 12 P.2d 715, 717.

There was no factual basis for an instruction or a verdict under the doctrine of last clear chance.

The judgment is reversed and the cause remanded with instructions to grant the motion of the Railway Company for judgment notwithstanding the verdict.

---

[4] Nelson v. Chicago, M. St. P. & P. R. Co., 7 Cir., 62 F.2d 1053; Jacobs v. Pennsylvania R. Co., 3 Cir., 90 F.2d 329, 330; Moss v. Pennsylvania R. Co., 7 Cir., 146 F.2d 673, 677; Jensen v. Chicago, St. P., M. & O. Ry. Co., 7 Cir., 12 F. 2d 413, 416; Nuttall v. Denver & R. G. W. R. Co., 98 Utah 383, 99 P.2d 15, 18; Guyer v. Pacific Electric R. Co., 24 Cal. App.2d 499, 75 P.2d 550, 552.