**CHICAGO, ROCK ISLAND AND PACIF-IC RAILROAD COMPANY, a corporation, Appellant,**

v.

**Claudine McFARLIN and Leonard McFarlin, Appellees.**

**No. 7650.**

United States Court of Appeals
Tenth Circuit.

Aug. 28, 1964.

Robert J. Seller and Jack Whorton, of Shipley, Seller & Whorton, Alamogordo, N. M., for appellant.

Emmett Hart, of Hart & Brockman, Tucumcari, N. M., for appellees.

Before MURRAH, Chief Judge, and PICKETT and HILL, Circuit Judges.

PICKETT, Circuit Judge.

This is a railroad crossing accident case brought by Claudine McFarlin and

her husband, Leonard, to recover damages for injuries sustained by Mrs. McFarlin resulting from a collision between an automobile which she was driving, and a Chicago, Rock Island and Pacific Railroad train. The railroad appeals from a judgment in favor of the McFarlins. The determinative question is whether, under New Mexico law, Mrs. McFarlin was guilty of contributory negligence which would bar recovery for her injuries. It is our view that Mrs. McFarlin was guilty of contributory negligence as a matter of law, and that the trial court should have directed a verdict for the railroad.[1]

In an unbroken line of decisions, the New Mexico Supreme Court has established a course of conduct for a traveler approaching an open, unguarded railroad crossing which requires him to stop, look and listen for trains using the tracks, and the act of looking and listening must be performed in such manner as to make it reasonably effective. Morehead v. Atchison, T. & S. F. Ry. Co., 27 N.M. 349, 201 P. 1048; Sandoval v. Atchison, T. & S. F. Ry. Co., 30 N.M. 343, 233 P. 840; Blewett v. Barnes, 62 N.M. 300, 309 P.2d 976; Landers v. Atchison, T. & S. F. Ry. Co., 68 N.M. 130, 359 P.2d 522.[2] "Ordinarily, a showing of all three factors is essential to establish due care." Blewett v. Barnes, supra, 309 P.2d at 979. The New Mexico courts have approved what is commonly known as the "Pennsylvania Rule", announced in Baltimore & Ohio R. R. Co. v. Goodman, 275 U.S. 66, 48 S.Ct. 24, 72 L.Ed. 167, 56 A.L.R. 645.

In Atchison, T. & S. F. Ry. Co. v. Herbold, 10 Cir., 169 F.2d 12, 14–15, this court said:

"Under the law of New Mexico, a traveler on a highway approaching a railroad crossing is under the continuous duty to effectively look and listen and observe ordinary care for his own safety. Morehead v. Atchison, T. & S. F. Ry. Co., 27 N.M. 349, 201 P. 1048, 1049.

\* \* \* \* \* \*

"If he approached the crossing known to him and failed to look from an effective point, he was likewise guilty of contributory negligence as a matter of law. Morehead v. Atchison, T. & S. F. Ry. Co., supra; Brim v. Atchison, T. & S. F. Ry. Co., 136 Kan. 159, 12 P.2d 715, 717."

See also Atchison, T. & S. F. Ry. Co. v. Spencer, 9 Cir., 20 F.2d 714, applying New Mexico law.

The McFarlins lived about 3½ miles east of the city of Tucumcari, Quay County, New Mexico, on the south side of the main line of the Chicago, Rock Island & Pacific Railroad tracks. In traveling to and from Tucumcari it was necessary for them to cross the track at a point about three miles east of the city. On July 12, 1960, Mrs. McFarlin drove her 1950 Chevrolet automobile into town and was returning home at about 10 A.M. Before reaching the crossing she traveled along the main highway on the north side of the tracks. The road to the McFarlin home left the highway about 190 feet north of the railroad crossing. Upon reaching the turnoff Mrs. Mc-

---

1. At the close of plaintiffs' evidence, the defendant moved for a directed verdict, one of the grounds for the motion being that Mrs. McFarlin was guilty of contributory negligence. This motion was overruled but renewed at the close of all the evidence. The question was also raised on motion for judgment notwithstanding the verdict.

2. In Landers v. Atchison, T. & S. F. Ry. Co., 68 N.M. 130, 359 P.2d 522, it is

pointed out that the degree of care to be exercised by a traveler approaching a guarded railroad crossing where signals and warning devices have been installed is different than when approaching an open, unguarded railroad crossing. Morehead v. Atchison, T. & S. F. Ry. Co., 27 N.M. 349, 201 P. 1048. See also Landers v. Atchison, T. & S. F. Ry. Co., 73 N.M. 131, 386 P.2d 46

Farlin took her mail from the box located there and then proceeded south toward the tracks. There was a conventional railroad crossing sign about 15 feet north of the tracks. Mrs. McFarlin testified that she did not look for an approaching train until she stopped her automobile near this sign, but from this point she was unable to see a train approaching from the west because of the high growth of weeds. She stated that the west window of her automobile was closed and she did not hear the train although the evidence is undisputed that the engine whistle was blown and its bell was ringing as she drove from the mail boxes to the crossing. After this stop she proceeded slowly toward the crossing but was unable to see to the west until the front end of her automobile reached a point where she knew it could be hit by an oncoming train. She then saw a train approaching from the west about 200 to 300 feet away, and for the first time heard a whistle. She stopped the car, and in attempting to back off the tracks, stalled the motor, and the front of her car was struck by the oncoming train which was moving at a very slow rate of speed. A witness who was following Mrs. McFarlin at a distance of about 25 feet, testified that he saw the train approaching from the west and heard the whistle blown, but was uncertain as to whether he heard the engine bell ringing.

Mrs. McFarlin had used this crossing on an average of three times daily for a period of 5½ years. She testified that she had crossed the tracks at that point from 3,000 to 4,000 times. She knew that it was the main line of the railroad and that trains passed there frequently. It was indicated by the testimony and the photographs that the weeds complained of extended only a short distance north of the railroad crossing sign. After she left the main highway, the train was in full view, but she made no attempt to look to the west until she stopped at the point where the weeds obstructed her view. If Mrs. McFarlin was unable to see the train at that time, it was because she had elected to look from the only place where it could not be seen. In addition, her ability to hear the train was impaired by the closed car window. Under New Mexico law, she was required to stop her car at a point where, if she looked to the west, it would be effective, and to listen under circumstances which would permit her to hear that which was audible. She could not shut the view from her eyes or the sound from her ears and be relieved of her duty.[3]

Reversed and remanded with instructions to enter judgment for the appellant.

3. We find no New Mexico decisions which indicate a departure from the rule of Morehead v. Atchison, T. & S. F. Ry. Co., 27 N.M. 349, 201 P. 1048. The case was referred to as being the law in New Mexico in open crossing cases as late as 1963. Landers v. Atchison, T. & S. F. Ry. Co., 73 N.M. 131, 386 P.2d 46.