## WALTER DRAGAN AND ALEX ANTONIERS, PLAINTIFFS-RESPONDENTS, v. NATHAN GROSSMAN AND SAMUEL GROSSMAN, DEFENDANTS-APPELLANTS.

Submitted October 11, 1935—Decided February 13, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices LLOYD and DONGES.

For the plaintiffs, *Abraham J. Isserman* and *Sol D. Kapelsohn.*

For the defendants, *Hugh F. Doherty* and *Douglas M. Hicks.*

LLOYD, J. This is an automobile accident case in which the two paintiffs recovered judgments, the defendants appealing. The grounds of the appeal are rulings on evidence and the charge of the court.

We discover no error in the rulings on evidence, but we think there was error in the charge wherein the learned trial judge said:

"I do not recall, as I see the pleadings here, that there is any allegation of contributory negligence as a defense. The

pleading and the answer in this case is an allegation that this accident, first, was not the fault nor caused by the negligence of this defendant. And second, that the negligence of the plaintiff was the cause of the happening of the accident; the negligence of the driver of the plaintiff's car, was the cause of the happening of the accident."

The second defense in the answer was as follows:

"The negligence of the plaintiff Walter Dragan, the servant and agent of the plaintiff Alex Antoniers, who operated his automobile in a careless and reckless manner and without regard for others using the highway was the cause of the alleged accident."

The law of liability in cases of negligence, to the effect that one who complains of the negligence of another cannot recover if his own negligence has in any wise contributed to the wrong which is made the basis of recovery, is too well settled in this state in actions like the present to call for the citation of authority.

It is equally well settled that if the defendant seeks to avail himself of such contributing negligence as a defense to the charge against himself, he must plead it. In other words, it is an affirmative defense.

While the second defense as a pleading is not an example of legal art, we think it nevertheless was sufficient to raise the question of negligence on the part of the plaintiff which would defeat recovery if it existed and of which negligence there was ample proof in the trial of the cause. The effect of the charge was to withdraw such negligence from the jury as a defense.

Respondents seek to support the instruction on the ground that the pleading did not use the words "contributory negligence," but implied that the carelessness of the plaintiff was the sole cause of the accident. We do not see our way to draw the line so tightly. While ordinarily the words "contributory negligence" imply a primary negligence in the adverse party, nevertheless in a literal sense it implies nothing more than that the conduct of the plaintiff has contributed by his negligence to the thing which happened, namely, in this case the acci-

dent. Whether in whole or in part such negligence was the cause of the plaintiff's loss it would prevent a recovery against the defendants.

When, therefore, it was charged in the answer that the plaintiff's own misconduct was its producing cause it necessarily followed that it was the cause in part as well. As was said in the similar case of *Wallace* v. *Portland Co., 103 Ore.* 68; 204 *Pac. Rep.* 147, "it seems absurd to say that while under a plea that plaintiff's negligence was partly the cause of the accident, defendant may offer proof and have an instruction upon the theory of contributory negligence of plaintiff, yet, if he goes a step further and pleads that plaintiff's negligence was wholly the proximate cause, his testimony to the effect that it was partly the cause must be disregarded."

We think the plaintiffs were fairly apprised of the fact that the conduct of the plaintiff's chauffeur would be made a basis of defense and this question should have been submitted to the jury.

The judgment is reversed, and a *venire de novo* awarded.