95 P.2d 214

CROCKER v. JOHNSTON.

No. 4422.

Supreme Court of New Mexico.

Oct. 19, 1939.

472

W. C. Whatley, of Las Cruces, for appellant.

R. R. Posey and R. C. Garland, both of Las Cruces, for appellee.

MABRY, Justice.

This is an appeal from a judgment for appellee, hereinafter called plaintiff, against appellant, hereinafter called defendant, in the sum of $10,833.54, for personal injuries, for pain and suffering, hospitalization, medical attention and damage to an automobile. The action was instituted by an infant, Glenn Earl Crocker, through his next friend. The medical and hospitalization expense and cost of repairs to the car in question prayed for amounted to less than $1,000. The balance of the judgment it will be assumed was for personal injury, pain and suffering.

The collision, resulting in injuries to plaintiff and damages to his automobile, occurred at the intersection of Bowman Ave. and Water Street in the city of Las Cruces. Both of these streets were public streets, unpaved, and which accommodated a fair and perhaps not a very unequal amount of traffic.

Water street runs north and south and intersects with Bowman Ave. running east and west. Plaintiff was driving south on Water Street and defendant was approaching the intersection from the West. The collision occurred within the intersection, and the question of whose car first entered and whose car was struck by the other are the principal points. Defendant, approaching from plaintiff's right, had the right of way. Defendant's car remained near the point of impact, within the intersection, and that of plaintiff after turning over came to rest some 80 or 90 feet from the center of the intersection and south on Water Street.

It appears that there were building obstructions which cut off the view of both cars approaching the intersection, until within about 52 feet thereof. The jury by special finding supported by substantial evidence, found each had an equal view of the other's road for a like distance in their approach to the intersection.

There is testimony to the effect that plaintiff looked both to the east and to the west and sounded his horn before entering the intersection, though his last look to the west and in the direction from which defendant approached was at a distance of about 40 feet from the north line of the intersection and some 52 feet from the center thereof. Plaintiff testified that he was traveling at the rate of about 25 miles per hour and the jury found his rate of speed was from 20 to 25 miles. Plaintiff charged defendant entered the intersection at an excessive rate of speed but the testimony of defendant himself was that he entered at a rate of about 5 miles per hour, after he had completely stopped some 20 feet before his approach to the west line of the intersection. There was some proof that defendant was in fact driving at an excessive rate of speed. There is hopeless conflict in the evidence as to how the collision occurred.

A number of errors are assigned and these will be discussed substantially in the order presented by the briefs.

Error is assigned because of the court's refusal to direct a verdict at the close of plaintiff's case, for the reason that there was not sufficient evidence to show primary negligence on the part of the defendant, especially in view of the physical evidence rule. We then examine the evidence to determine whether the record supports defendant's position. Much reliance is placed upon the physical fact rule. Defendant contends that the physical facts shown by an examination of the two cars involved render the testimony of plaintiff's eye witnesses valueless.

We should first observe that after the motion for an instructed verdict at the close of plaintiff's case defendant put on its case. He therefore waived any error of the court in refusing to so instruct, if, taking all the evidence in the case, there be any that may be called substantial by which to support the verdict. State v. Stewart, 34 N.M. 65, 277 P. 22; Salazar v. Garde, 35 N.M. 353, 298 P. 661.

The physical facts rule may not be invoked with respect to speed, position, etc., of movable objects if the facts relating to speed, position, etc., must be established by oral evidence. Bailey v. Lavine, Inc., 302 Pa. 273, 153 A. 422; Fischer v. Clark, 110 W.Va. 420, 158 S.E. 504.

The car of defendant remained close to the spot where the impact occurred while that of plaintiff was some distance, perhaps 80 feet therefrom. Defendant is impressed with this physical fact as sustaining his view that defendant's car could not have struck that of plaintiff as contended by eye witnesses. We could, probably, more easily reconcile defendant's theory of the collision with the physical facts, in view of the distance of plaintiff's car from the scene, the direction it took after the impact and the character of damage done the two cars. But, can we say from an observation of these physical conditions that the collision could have happened in no other way than as contended for by the defendant? That is to say, it was necessarily plaintiff's car which struck that of defendant. We think not.

It is not enough that, measured by the physical evidence, it seems improbable that the accident occurred as testified to by witnesses who saw it. The physical facts must so speak as to show the inherent improbability of it so occurring; or, in other words, to hold otherwise and against the import of these physical facts would be to find facts utterly at variance with well established and universally recognized physical laws. See Larson v. Bliss, 43 N.M. 265, 91 P.2d 811, recently decided; Wasioto & B. M. R. Co. v. Hall, 167 Ky. 819, 181 S.W. 629. Or, stated in the words employed in the case of Giles v. Missouri Pac. Ry. Co., 169 Mo.App. 24, 154 S.W. 852, 855, a reasonable mind must reject the testimony of witnesses as "wholly impossible of belief", in view of the physical evidence.

It is often difficult to reconcile the physical evidence of automobile collisions with testimony of those who participated in or witnessed the collision, and yet, unless it appears and a court must say that the physi-

cal facts are so unimpeachable and clear as showing, rather than indicating merely, what did happen, the substantial evidence rule as in other cases, limits our speculation.

There is evidence in the record of eye witnesses that plaintiff's car was well within the intersection, one witness stating that it was perhaps two thirds way through it, when it was struck by the car of defendant. We must recognize the forceful character of the evidence of these mute implements and surroundings when they speak clearly and unequivocally, and when, by the very nature of these revealing facts, all faith in the verity of the testimony of eyewitnesses must be challenged as mere credulity. But, we do not have that situation here. It would serve no useful purpose to analyze fully the testimony upon this point. We find that there was substantial evidence to support the verdict upon the theory that defendant's car, entering the intersection, after that of plaintiff had entered and was proceeding across, struck the car of plaintiff causing the damage complained of.

We do not overlook the important fact that the car of defendant was at the time proceeding in the favored direction. But the right of way of one proceeding in the favored direction is not absolute.

This right of way has been said to be a rule of doubt under balanced conditions. The person having the right of way is nevertheless enjoined to exercise all reasonable care and maintain proper look-out, to remain alert and with his car under control. 42 C.J. 978, Sec. 705; Sinclair Oil & Gas Co. v. Armour, 172 Okl. 442, 45 P.2d 754; Montague v. Loose-Wiles Biscuit Co., 194 Minn. 546, 261 N.W. 188; Webb v. Batten, 117 W.Va. 644, 187 S.E. 325.

Defendant admits that he himself did not look to his left up Water Street after he was within 20 feet of the west line of the intersection upon his approach thereto. If these calculations may be taken as exact, rather than as a mere approximation, which, however, they more likely are, then we have from the testimony of the parties themselves, that plaintiff looked to his right no more after he was within 40 feet of the entrance to the intersection, while defendant excelled in his caution in this respect by a distance of 20 feet. We doubt that such a difference, which measured in their traveling time would be probably about one second, could afford much aid to a court or jury in determining liability or fixing primary negligence. This point is without merit.

Defendant complains of the court's refusal to give defendant's requested instructions upon the issue of contributory negligence. Plaintiff contends that no such issue was presented by the pleadings, and in the alternative urges that in any event, the court did in fact submit such question by an instruction sufficient in form, taken with the instructions as a whole, to meet this objection. We examine the pleadings to determine whether such issue was in fact tendered by defendant. If not, there could be error in the court's refusal to submit the question only if and when the testimony of

plaintiff himself shows he was guilty of contributory negligence as a matter of law, not merely that his evidence tended to show he was guilty of such negligence.

The rule is laid down in 45 C.J. 1118 where it is said: "But in order that defendant may rely upon contributory negligence as a defense, without pleading it, under this rule, plaintiff's evidence must clearly show such negligence as a matter of law; or, as otherwise stated, it must raise a presumption of such negligence; it is not sufficient that plaintiff's evidence merely tends to show that he was guilty of negligence, and defendant cannot introduce additional evidence to show such negligence. Contributory negligence must appear in plaintiff's evidence so clearly as to disprove the cause of action stated in the petition, and where it falls short of that, and remains a question of fact which may be decided either way, it must be pleaded to be available as a defense."

Defendant apparently relies upon the fact that plaintiff admitted that he did not look to his right after he was within 52 feet of the middle of the intersection, which would have put him approximately 40 feet from the north line of such intersection, and urges that this alone shows plaintiff as a matter of law to be guilty of such negligence as to obviate the necessity of pleading it, and that this should defeat his claim. Plaintiff had a clear view of the road (Bowman Avenue) to the west and from which direction defendant was traveling, the last time he looked, of some 50 feet from the intersection west. He saw no car then, he testifies.

Though this method of approach to the intersection might indicate, or "tend to show", contributory negligence on the part of plaintiff, can negligence be said to thus so clearly appear in plaintiff's evidence "as to disprove the cause of the accident stated in the petition"? A driver cannot, of course, keep watch in two opposite directions at exactly the same time. It may appear that the driver of a car going 25 miles per hour should have once more looked to the right, as well as the left, before traveling the last 40 feet which brought him to the entrance to the cross street, where both ways were accommodating substantial though not heavy traffic.

Plaintiff says his attention was divided in his watch for traffic from both the east and the west. What, he asks, might have been the hazards for him to avoid from the east approach? Just which direction should command his very last glance and require a last survey?

"There is no rule of law requiring one lawfully using a public highway to be constantly looking and listening to ascertain if an automobile is approaching, under the penalty, on failure to do so, of being guilty of contributory negligence." Kaufman v. Sickman et al., 116 Wash. 672, 200 P. 481.

Can it be said then, as a matter of law, that plaintiff was himself thus negligent in entering the intersection at 25 miles per hour, when he had looked to the direction from which defendant's car approached at a distance back of 40 feet from the entrance to the intersection, and 52 feet from the

center thereof, and at a distance when he had a clear vision of some 50 feet west of the intersection up the street from whence defendant's car approached and could see no car, and when he was equally obligated to watch for and avoid traffic from the opposite direction? We think not. It was a question for the jury.

So then, contributory negligence as a matter of law not being shown, we next approach the question of what issue in this respect the answer tendered.

It is clear that contributory negligence, unless shown as a matter of law as above set forth, must be pleaded as a defense if it is to avail the defendant. Counsel agree upon this principle but come to clear cut disagreement when they present the question of what is meant by the language of the answer and the effect of plaintiff's treatment in his reply.

Counsel for defendant goes to some length in his able brief in showing authority upon the question of what is a proper plea in such cases. However, he need not look beyond our own state decisions upon this subject. In the case of Thayer v. Denver & R. G. R. Co., 21 N.M. 330, 154 P. 691, 696, we said: "The plea of contributory negligence is a plea in confession and avoidance, which admits negligence on the part of the defendant, but seeks to avoid liability therefor by alleging that the plaintiff was guilty of negligence which contributed to his injury, and the plea is bad if it denies that defendant was negligent."

Let us see whether defendant has met this test. After pleading to specific paragraphs of the complaints, most of which were generally denied, defendant set out in his answer under another and concluding paragraph, which he termed to be in "further answer to the complaint and by way of new matter", a lengthy recital of his version of the accident, alleging that instead of defendant's car striking that of plaintiff, that the car of plaintiff actually ran into that of defendant after defendant's car had come to a full stop, and added all in the same paragraph, "and that the sole and proximate cause of the collision and consequent injuries of the plaintiff was the careless, reckless, negligent and excessive rate of speed and manner of operation on the part of plaintiff of his said automobile."

Under the topic of "negligence" the general rule is found in 45 C.J. 1119, Sec. 697, where it is said: "By the weight of authority where the answer contains a general denial of negligence, a further plea that the injury was caused by plaintiff's own negligence is insufficient as a plea of contributory negligence."

Under a note citing various authorities is included our own New Mexico case of Thayer v. Denver & R. G. R. Co., supra.

In the Thayer case, it is pointed out that a general denial of negligence on the part of defendant coupled with an allegation "that the injury was 'due to or caused by the negligence, want of care and caution on the part of plaintiff himself' " was nothing

more than a general denial of plaintiff's complaint and did not call for a reply.

The Thayer case, supra, is followed and approved in the case of Bell v. Carter Tobacco Co. et al., 41 N.M. 513, 71 P.2d 683, 685. Here the court said: "Contributory negligence was not pleaded by defendants. They denied negligence on their part and alleged: 'That if said horse was killed as alleged in paragraph III of plaintiff's complaint, that the killing of said horse was caused by the gross negligence of plaintiff in permitting said horse to run at large upon a public highway.' Such denials of negligence and allegations of negligence of plaintiff are not a plea of contributory negligence."

Sandoval v. Atchison T. & S. F. R. Co., 30 N.M. 343, 233 P. 840, does not hold, as suggested, that a plea of contributory negligence is not in the nature of confession and avoidance. It holds merely that as a plea in confession and avoidance, such plea and a general denial nevertheless may be embodied in the same answer, separately paragraphed, without being deemed inconsistent in a *legal* sense. See 31 Cyc. 151 (now 49 C.J. 219, Par. 255) cited to the holding in the Sandoval case. See also 45 C.J. 1118, Par. 696, citing Sandoval case.

■ Much confusion has resulted in the use and treatment by the courts of the term "confession" as involved in pleas of contributory negligence. We know that a plea of general denial and one of contributory negligence are not inconsistent in the sense that they may not be relied upon as separate defenses. That is almost the universal rule in the code states. We have ourselves approved it. Sandoval v. Atchison T. & S. F. R. Co., supra.

■ We know the general rule to be that "contributory negligence on the part of plaintiff presupposes negligence on the part of the defendant." Birsch v. Citizens' Electric Co., 36 Mont. 574, 93 P. 940, 941. So, there must be a hypothetical admission, or assumption of negligence. That is to say, unless negligence on the part of defendant be, for the purpose of the plea, admitted or assumed there can be no issue of contributory negligence presented by plea. As was said in Wastl v. Montana Union Ry. Co., 24 Mont. 159, 61 P. 9, 15: "The principle embodied in these definitions is that, in order that there may be any contributory negligence on plaintiff's part, there must be negligence also on the part of the defendant having a direct and proximate causal relation to the injury." See, also, Thompson on Negligence, page 1146, par. 1; 20 R.C.L. page 99, par. 87.

■ Therefore in appraising the scope of the word "confession" as used in the cases, and as the term was used in our own decisions above referred to where it is held that "confession and avoidance" is an inseparable part of the plea of contributory negligence, it means simply that for the purpose of the plea (but in no sense as binding upon defendant as an admission of the fact of negligence which would destroy the force of his general denial), negligence is assumed, as it must of necessity be. It

is much like a demurrer to the statement of a cause of action. The facts well pleaded are admitted, but only for the purpose of the plea.

Used with a general denial, it means simply this: "I deny absolutely that I am guilty of negligence; but assuming, without admitting it, that some act of mine was negligent in character and proximately contributed to plaintiff's injury, nevertheless plaintiff's negligent acts united with my act to produce the injury, and without which the injury would not have occurred." Day v. Kelly, 50 Mont. 306, 146 P. 930, 931.

Plaintiff calls our attention to the fact that, notwithstanding the issue was not in the case, the court gave of its own motion an instruction on contributory negligence, which taken with the instructions as a whole fairly presented the question, and so therefore he is in no position to complain. See Bell v. Carter Tobacco Co., supra. Let us inquire into this to determine whether the instructions will be considered as fairly submitting the question to the jury, in the absence of more proper and specific requests. The pleadings and the character of plaintiff's proof did not require the submission of the issue, as we have said, and so in the absence of a tender of proper instructions, either submission or non-submission could not influence the decision here, excepting for other considerations hereafter to be noticed, viz., the imposition of some burden of proof upon defendant.

It is difficult to reconcile the court's instructions, numbers 8 and 9, with plaintiff's contention that contributory negligence was not pleaded and that the court itself so interpreted the answer. It may be that out of an abundance of precaution the court desired to submit the issue nevertheless. But, did it in fact fairly do so? Instructions No. 8 and 9 followed instructions detailing in almost the exact language of the pleadings, the contentions of the respective parties and read:

(8) "Under the issues made up by the allegations of the defendant and the denials thereof as set forth in the next preceding paragraph of these instructions, the burden of proof rests upon the defendant to establish them by a preponderance of the evidence as the term has been defined to you. As to allegations on the part of the plaintiff, other than denials, set forth in the said next preceding paragraph, they are taken in law to be denied by the defendant, and you should consider them as so denied, and under such allegations and denials, the burden of proof rests upon the plaintiff to establish such allegations by a preponderance of the evidence as the term has been defined to you."

(9) "If the plaintiff has sustained his allegations and as to the proof whereof the burden rests upon him, by a preponderance of the evidence as defined to you, then your verdict should be for the plaintiff. If, on the other hand, the plaintiff has not sustained his allegations or if the defendant has sustained his allegations, and

as to the proof whereof the burden rests upon him, then your verdict should be for defendant."

By instruction number 8 the court instructed the jury that the burden of proof rested upon defendant to establish the truth of his allegations of negligence on the part of plaintiff.

■ The language used in instruction number 8 is clearly not well chosen. That which is found in instruction number 9 immediately following, plaintiff suggests, sufficiently relieves of any vice attending number 8 standing alone. But does it? It also imposes upon defendant a burden.

"Negligence" and "proximate cause" are each defined by the court and made equally applicable to acts of plaintiff and defendant. The court, by its instruction No. 6, as well as by parts of No. 8, hereinbefore referred to, instructs that the burden of proof rests upon plaintiff to establish his case by a preponderance of the evidence. The court had already in instruction No. 5, immediately preceding, fully set out the contentions of plaintiff, as reflected by his complaint, showing that these allegations were denied by defendant.

In an additional instruction, No. 7, the court then sets out the contention of defendant employing substantially the very language of the answer itself as it probably attempted, though unsuccessfully, to plead contributory negligence.' Then followed instruction No. 8 hereinbefore noticed. It is possible that counsel for both parties assumed that contributory negligence was pleaded. Counsel for defendant claims, though the record is silent in corroboration of the fact, that the court itself first raised the question and later determined that such issue was not presented. That, defendant contends, was doubtless the court's excuse for not giving all of defendant's proposed instructions. There is nothing in the record, however, in addition to the instructions given and refused to show definitely whether the court did in fact consider the issue tendered. We can properly conclude that at least one reason actuating it in refusing the tendered instructions upon contributory negligence was that they were (excepting as to #11) improper as to form, as we also hold and hereafter explain. No. 11 was proper as to form, and should have been given, if instructing upon contributory negligence.

■ In testing the question of the fair submission of an issue, the instructions as a whole must be considered. Federal Reserve Bank of Dallas v. Upton, 34 N.M. 509, 285 P. 494.

Instructions numbered 8 and 9 given of the court's own motion can then be justified only upon the ground that the court otherwise properly instructed upon the issue of contributory negligence. We carefully search the whole body of the instructions and now determine that this was not done. Clearly, defendant bears no burden upon any issue in the case unless it be upon that of contributory negligence. If this issue has not been fairly presented, as we hold it was not, it is apparent at once that any instructions that lay the burden of

proof upon defendant is violative of his right to have plaintiff bear the whole burden throughout.

The court did give an instruction upon the question of "negligence" as we have shown, but it gave none upon that of "contributory negligence", notwithstanding defendant by his requested instruction number 11 tendered a proper one and thereby proposed proper applicability of the rule as it should apply here, if the issue was in fact to be submitted.

This instruction, or a like one, if contributory negligence were in the case, should have been given, and the error of the court in not so doing would not have been cured by its own instruction upon negligence heretofore referred to.

Defendant's requested instruction No. 11 defined contributory negligence and applied it to the issues there presented.

Another assignment goes to the question of the court's imposing any burden of proof upon defendant. This point we have already touched upon in the foregoing discussion of instructions given and refused, and but little more need be added here.

The rule is that where the answer is nothing more than a general denial, or where it is an answer that does not admit negligence, the burden of the whole case rests upon plaintiff. Cunningham v. Springer, 13 N.M. 259, 82 P. 232; Blashfield, Cyc. of Automobile Law Practice, Vol. 9, Permanent Edition, §§ 6092, 6095. And so we repeat:

To reconcile the instructions as they placed any burden upon defendant with the above rule we would have to hold that the court intended to and did otherwise properly instruct, upon contributory negligence, though the issue was not presented by the pleadings. This we cannot do.

Further complaint is made of the court's refusal to submit to the jury certain requested special interrogatories or special findings.

The rule is well settled that the trial court may exercise a reasonable discretion in the matter of what questions should be submitted to the jury for special findings, and unless that discretion be abused, it will not be disturbed. Walker v. New Mexico & S. T. Ry. Co., 7 N.M. 282, 34 P. 43; Robinson v. Palatine Ins. Co., 11 N.M. 162, 66 P. 535; 64 C.J. 1146, Sec. 938; H. W. Bass Drilling Co. v. Ray, 10 Cir., 101 F.2d 316, 321.

Four of the proposed requested special findings were submitted and answered by the jury, and their answers as to each were consistent with the general verdict for plaintiff.

These interrogatories and the answers thereto were as follows:

As to said finding (1), reading as follows: "Do you find that the defendant, R. G. Johnston, was negligent in any respect in the operation of his automobile on the occasion of the collision in question?" We find and answer: "Yes".

As to finding (2), reading as follows: "At what rate of speed was the plaintiff driving at the time when he entered the intersection where the collision occurred?" We find and answer: "20 to 25 miles per hour".

As to finding (3), reading as follows: "From what distance North of the middle of the intersection in question could the plaintiff have determined whether an automobile was approaching said intersection from West of Bowman Avenue?" We find and answer: "The plaintiff could see same distance as defendant, approximately 52 feet."

As to finding (4), reading as follows: "At any time after the plaintiff could have seen an automobile approaching said intersection on Bowman Street from the West, did he have his automobile in such control that he could have stopped in time to have avoided the collision?" We find and answer: "Yes, but to have done so would have caused a broadside hit."

We have examined the other requested special findings and hold that the court's refusal to submit, as to each and all of them, was not error. None of them were vital to the issue of whether defendant was negligent as charged in the complaint, and some of them might properly be considered as unnecessary cross examination of the jury. It cannot be said that the court abused its discretion in holding that those refused were not in the form considered by the court as potentially helpful to the jury in arriving at its verdict.

"The number of special interrogatories or issues to be submitted to the jury rests largely in the discretion of the court. The questions submitted should not necessarily be so numerous as to confuse the jury or to consume the time of the jury and court to no proper purpose, or, in the case of special interrogatories, to amount to a cross examination of the jury on their verdict." 64 C.J. 1152, Sec. 941.

In the same text at page 1146, Sec. 938, we find this language: "The court in the trial of a case need not submit to the jury for special findings questions which will necessarily be disposed of by the general verdict, or, a special interrogatory the answer to which would be decisive of the whole case and equivalent to a general or special verdict."

Defendant requested a total of 15 special findings, and 4 of these were given. This was an ordinary intersection collision case. There were no involved or intricate questions, which would, as a matter of right to defendant, call for such an exhaustive examination of the jury in a search for all the reasons that may have influenced its verdict. The answers made to the special interrogatories submitted are not inconsistent with the general verdict, that defendant was guilty of negligence in the operation of his automobile at the time of the collision. The court did not abuse its discretion in refusing to submit others.

Defendant further complains that the evidence offered by plaintiff failed to establish primary negligence on the part of

defendant, and likewise the special finding No. 3 amounted to a finding of contributory negligence on the part of plaintiff, which would be in conflict with the general verdict. We have already disposed of the matter of contributory negligence. It was not pleaded by defendant and the plaintiff's proof was not of the character which would have made his conduct such as a matter of law. There is, as we have shown, likewise sufficient testimony of eye witnesses to the collision that it might be said there is substantial evidence if the jury elected to believe it, which it did, to show that the plaintiff's car had entered the intersection first and that the conduct of defendant was the proximate cause of the collision. This assignment is therefore without merit.

Defendant under an additional assignment contends there was error in the trial court's refusal to grant his motion non obstante veredicto, since the evidence, he claims, showed no negligence on the part of defendant but did show conclusively that plaintiff himself was negligent.

In disposing of this point, and repeating somewhat, we observe that there was substantial evidence that plaintiff was about two thirds way through the intersection when defendant's car collided with him. In addition, plaintiff testified that when he saw from about the middle of the intersection, that defendant's car was "coming into my side, I did the only thing possible; I stepped on the gas and swerved the car, just missing the telephone pole trying to get out of his way".

Two other witnesses testified that the plaintiff's car apparently entered the intersection first, and one of them testified that "Johnston's car came out suddenly and struck the Crocker car." Defendant apparently relies upon what he terms the negligence of plaintiff in entering the intersection without looking to the west again after he was within 40 feet of the north, or his near line of the street intersection, contending this was negligence that precludes his recovery. In urging there is a conflict between the special finding No. 3 and the general verdict, defendant overlooks a vital part of the jury's answer to such special interrogatory. It is asked to answer the question whether plaintiff had his automobile under such control at any time after he could have seen an approaching car, that he could have stopped in time to have avoided the collision. The answer was: "Yes, but to do so would have caused a broadside hit."

This, we may say, is equivalent to answering "No", unless we are to ignore the qualification. Such finding was not in conflict with the general verdict.

Certainly it would not have been "avoiding the collision" to have "caused a broadside hit". The jury by its answer simply said plaintiff could not have stopped without inviting a broadside hit. We are not impressed by the argument of defendant's counsel that the part which says "yes" is to

be taken at its full face value and the qualifying language thereof disregarded.

No presumption will be indulged in favor of answers to special findings as against the general verdict. Pettes v. Jones, 41 N.M. 167, 66 P.2d 967.

A general verdict will not be set aside unless the special findings returned cannot be reconciled therewith. City of Roswell v. Davenport, 14 N.M. 91, 89 P. 256.

What was the duty imposed upon the defendant upon thus entering the intersection, though he was proceeding in the favored direction, which is conceded?

We find the general rule laid down in 42 C.J. 981, Sec. 705, to wit: "The driver proceeding in the favored direction has not the right to attempt to cross ahead of the person who reaches, or if both travel at a lawful rate of speed will reach, the intersection a sufficient length of time before him to be able to cross safely, and under such circumstances he should not increase his speed in order to pass ahead of the other vehicle. Indeed, it has been said that too much insistence on the right of way, even when one is clearly entitled to it, may be the grossest kind of negligence."

If plaintiff were placed in a position of peril by the approach of defendant's car, after he was within and had almost negotiated the intersection, he was not charged with the duty of carefully deliberating upon the courses which were open to him at the time and was not required to act with that degree of care and prudence which would otherwise and ordinarily be imposed upon him. Vigil v. Atchison, T. & S. F. Ry. Co., 28 N.M. 581, 215 P. 971.

A reversal of the cause and remand for new trial being required upon other grounds, it becomes important to discuss as fully as we do here the question of inconsistency or conflict between the general verdict and the special findings only as an aid to the trial court and the parties hereafter. And we likewise notice the question of the sufficiency of the proof and thus fully analyze the evidence in order to answer defendant's contention that he should have been given judgment non obstante veredicto.

An additional assignment questioning the judgment of $10,833.54 as excessive under the circumstances need not be now considered, since upon new trial the amount recovered, if any, may not then be attacked as excessive.

As we have heretofore shown, contributory negligence not being in the case either by pleading or otherwise the court should properly have refused all requests for instructions upon this point, absent the question of instructions given of the court's own motion placing upon defendant any burden of proof. Defendant complains particularly of the court's refusal to give his requested instructions 5, 6, 7, and 8 upon this issue. In any event these instructions were properly refused, and it would have been so had the issue in fact been in the case. They charged the

jury that if plaintiff were negligent and such negligence contributed *to any extent* (emphasis ours) to cause or bring about the injury its verdict must be for the defendant.

No doubt defendant's counsel relied upon Pettes v. Jones, supra. But he misconceives the scope of that decision. Likewise much of the bar and other courts have misinterpreted that decision. In the recent case of H. W. Bass Drilling Co. v. Ray, 10 Cir., 101 F.2d 316, case arising in New Mexico, United States Circuit Judge Williams, the writer of the opinion, likewise misconceived the extent to which the Pettes case had committed us and apparently relying upon the opinion of Mr. Justice Bickley, signed only by then Chief Justice Hudspeth, as a majority opinion, interpreted that decision as holding that an act of negligence per se once established against plaintiff under a plea of contributory negligence, the presumption would follow that such negligence was a proximate and contributing cause of the resulting injury, and that the burden would then shift to plaintiff to disprove such contribution.

Such was the view expressed arguendo in the opinion of Mr. Justice Bickley. This view was not concurred in by Mr. Justice Zinn in his specially concurring opinion and so had not the sanction of a majority of the court. Such a view, as pointed out in the dissenting opinion in Pettes v. Jones supra, would have been to overrule for all practical purposes Padilla v. Atchison, T. & S. F. Ry. Co., 16 N.M. 576, 120 P. 724, which properly places the burden of proof on defendant to show contributory negligence on plaintiff's part.

A majority of the court as constituted when the Pettes case was decided did hold that under the peculiar facts of that case, plaintiff's negligence, found by a special verdict to have contributed "to any extent" to cause the injury, would be held as a matter of law to have contributed proximately to such result, notwithstanding the fact that plaintiff by a general verdict in his favor, had been acquitted of any proximate contribution to the injury.

This conclusion was at that time vigorously challenged by Mr. Justice Sadler in a strong dissenting opinion concurred in by Mr. Justice Brice. The narrow limits within which the doctrine is operative were thereafter pointed out in the majority and specially concurring opinions in Rix et al. v. Town of Alamogordo, 42 N.M. 325, 77 P. 2d 765.

A majority of the court as now constituted do not favor the rule upon this point as promulgated in Pettes v. Jones, supra. We regard such rule as opposed to the long established doctrine of proximate causation obtaining in this and other jurisdictions, and as being an invasion of the province of the jury to pass upon the question of proximate causation where the facts are issuable.

This is not to say that the court, in a proper case, may not instruct the jury that plaintiff is guilty of contributory negligence barring recovery as a matter of law. It is to say that where the court submits the is-

sue we must depend upon the jury for a complete answer to the question whether plaintiff's negligence was a proximately contributing factor. Accordingly Pettes v. Jones, supra, as to these matters is hereby overruled.

For the reasons that the trial court by its instructions improperly placed upon the defendant some burden of proof without fairly submitting the issue of contributory negligence in compensation therefor, the cause will be reversed and remanded for a new trial, and it is so ordered.

BRICE and SADLER, JJ., concur.

ZINN, Justice (specially concurring).

I regret exceedingly that the rule we laid down in Pettes v. Jones, 41 N.M. 167, 66 P.2d 967, has caused so much confusion and so much concern to the bar and bench. The rule attempted to be enunciated in that case was intended to cover a very limited field. That there is a narrow limit for the application of this rule must be conceded. We attempted to point out this narrow limit in Rix et al. v. Town of Alamogordo, 42 N. M. 325, 77 P.2d 765. I still believe that the rule ought to be preserved for application in the narrow field for which it was intended. That is one rule of law which would to my mind help drive from the highways of our State at night time, "one-eyed" automobiles and those cars lacking tail lights.

I still ask how it is possible for the absence of a tail light to contribute to any extent to a rear end collision between two automobiles without contributing proximately. As yet I have not received a satisfactory answer to this question.

Nevertheless, if Pettes v. Jones, supra, has caused confusion, which it seemingly has, it is better to clarify it here and now rather than to permit this confusion to confound the rule of law which I thought I preserved in my specially concurring opinion in the case of Pettes v. Jones, supra. I therefore concur in the opinion and result in this case.

BICKLEY, Chief Justice (concurring in the result).

I concur in the result because I think the trial court should have submitted the issue of contributory negligence. I concur with Mr. Justice ZINN in his observations concerning Pettes v. Jones, supra. Instead of disturbing Pettes v. Jones, supra, the dictum contained in Thayer v. Denver & R. G. R. Co., 21 N. M. 330, 154 P. 691, and in Bell v. Carter Tobacco Co., 41 N. M. 513, 71 P. 2d 683, 685, to the effect that "The plea of contributory negligence is a plea in confession and avoidance, which admits negligence on the part of the defendant, but seeks to avoid liability therefor by alleging that plaintiff was guilty of negligence which contributed to his injury, and the plea is bad if it denies that defendant was negligent" should be overhauled.

In Sandoval v. Atchison, T. & S. F. Ry. Co., 30 N. M. 343, 233 P. 840, the Thayer case was explained and it is plainly indi-

cated that the dictum therein that a plea of contributory negligence is a plea in confession and avoidance should not be longer followed. Mr. Chief Justice Roberts in the Thayer case in the dictum aforesaid made it plain that the defendant must confess negligence in order to plead contributory negligence by employing as a supporting quotation [21 N. M. 330, 154 P. 691]: "This defense confesses nothing, but avers that the defendant was not guilty of negligence".

The reason that "a plea of general denial and a plea of contributory negligence are not inconsistent in a legal sense and may, when separately pleaded, be embodied in the same answer" as stated in the Sandoval case is that the plea of contributory negligence is *not* necessarily a plea in confession and avoidance, and it is not required that the defendant expressly confess or admit his negligence in order to plead contributory negligence. See 45 C.J., "Negligence", § 690. In the same section of the last cited text it is said: "A plea of contributory negligence, *except where it is accompanied by a general denial,* is in the nature of a plea of confession and avoidance, which implies, or is predicated on, the existence of negligence on the part of defendant and seeks to avoid it by showing that plaintiff's own negligence contributed to his injury."

In § 696 of the same text it is shown that a plea of contributory negligence and a general denial do not constitute inconsistent defenses and may be pleaded in the same answer provided they are set out in separate pleas, in different paragraphs. In the same section the effect of such pleading is discussed and it is said: "Such a plea of contributory negligence following a general denial does not constitute an admission or confession of negligence on the part of the defendant."

The text writer cites cases from Ala., Ariz., Calif., Kan., La., Miss., Mo., Mont., Okla. and our own state, the decision in Sandoval v. Atchison, etc. Ry. Co., supra, in support of the last quoted text.

It is a source of regret that our decison in the Sandoval case was overlooked when the opinion in Bell v. Carter Tobacco Co., supra, was prepared. If it had been brought to our attention we would not have again in mere dictum reiterated the earlier dictum in the Thayer case. In the same text (§ 696) the writer says that the plea of contributory negligence "means merely * * * that plaintiff was guilty of negligence which contributed, not to any negligence on the part of defendant, but *to the accident* which caused the injury. Citing Robertson v. Jennings, 128 La. 795, 55 So. 375. The italicized portion of the foregoing quotation from § 690 of the Corpus Juris text (italics mine) indicated that the plea of contributory negligence *not* "accompanied by a general denial" might be regarded as a plea in the nature of confession and avoidance, but we are not concerned with such a situation.

By our declaration in Sandoval v. Atchison, T. & S. F. Ry. Co., supra, we accept-

ed the doctrine stated in the C. J. text at § 690 that: "It is not required that defendant shall expressly confess or admit his negligence in order to plead contributory negligence."

The reason for the rule stated in the text is thus stated in note 66 as follows:

" 'Among the authorities * * * the careless use of a familiar term has occasionally led to the inaccurate statement that the doctrine of contributory negligence is a plea of confession and avoidance. This has led to much confusion, and a common impression exists that however innocent the defendant may believe himself to be, before he may accuse the plaintiff of negligence, which caused his injuries, the defendant must first confess negligence on his part. Upon a careful examination of every case in California involving this doctrine which has been called to our attention we are convinced not only that this is an erroneous statement of the law, but that similar language used in each and every one of these cases is mere dicta, either because in each instance the form of pleading declared a mere' conclusion, or because the case was really decided upon some other issue. * * * This error may have been aided because of the rule which prevails to the effect that, where there is no negligence shown on the part of the defendant, he is, for that reason alone, free from liability. * * * But under the statute of California and in nearly all Code states the defendant may set forth in his answer as many defenses as he may have, so long as they are separately stated. * * * And these separate defenses may also be absolutely inconsistent. * * * It is quite apparent that to hold that a defendant must first confess his own negligence before he will be permitted to charge the plaintiff with contributory negligence is in direct conflict with the clear declaration of the Legislature and the uniform decisions of our courts with respect to the right to set up various conflicting defenses. Moreover, that doctrine would appear to be a denial of justice and would often preclude one from making a meritorious defense to a charge of actionable negligence. Can it be said that a defendant who is charged with negligence and who conscientiously believes himself to be innocent of that charge, but who is also possessed of facts which lead him to believe that the injuries of which the plaintiff complains were sustained as a direct result of his own lack of ordinary care, must first stultify himself by verifying his answer and swearing that he is guilty of negligence, believing in his own heart that that statement is false, before he will be permitted to set up a valid defense of contributory negligence? Surely this cannot be the law.' Hoffman v. Southern Pac. Co.; [84 Cal.App. 337], 258 P. 397, 401."

Being rid of the false notion that an innocent defendant must confess negligence before he will be permitted to set up a defense of contributory negligence we are prepared to receive with hospitality the view that a plea by defendant that "the sole and proximate cause of the collision

and consequent injustice to the plaintiff was the careless, reckless, negligent and excessive rate of speed and manner of operation on the part of his said automobile" is a plea of contributory negligence, particularly in view of other features of the pleading hereinafter pointed out.

The pleading of more than was necessary for the defendant to plead does not deprive him of the benefit of the lesser elements which are included in the greater.

As was said in Crawshaw v. Mable, Mo. App., 52 S.W.2d 1029, 1031:

"* * * It is an elementary rule of good pleading, uniformly adhered to by the courts of this state from the earliest times, that the mere allegation of more than is essential to make out a cause of action or defense is inconsequential. If the essential proof is within the allegation, this is all that is required. Manifestly, the allegation that plaintiff's negligence caused his injuries necessarily includes the allegation that his negligence contributed to cause his injuries. Plaintiff's criticism of the answer is extremely technical. The answer advised plaintiff of the negligent acts relied on to defeat his action. He was thus sufficiently advised of the charge he was required to meet to avoid the defense arising on account of his own negligence.

"Moreover, the allegation that the plaintiff's negligence directly caused his injuries is not ordinarily understood to mean that his negligence was the sole cause of his injuries. The meaning of the allegation, as it is ordinarily understood, is that his negligence was a producing and efficient cause of his injuries absent which his injuries would not have occurred; in other words, that the negligent act alleged was a proximate event in the causal chain of events resulting in his injuries. It would be difficult to imagine a case in which any negligent act could be said to be the sole cause of a casualty. It always requires the concurrence and co-operation of a number of causal events to bring about a casualty. So that, when an answer alleges that the plaintiff's own negligence directly caused his injuries, the necessary intendment would seem to be, not that such negligence was the sole cause of his injuries, but that it was a proximate cause in the chain of events which brought about his injuries. Such intendment is also made manifest from the fact that, if plaintiff's negligence was the sole cause of his injuries, the allegation was wholly useless, since, if his negligence was the sole cause of his injuries, this fact may be shown under a general denial without any affirmative allegation of it. No plaintiff reading an answer alleging that his own negligence was the direct cause of his injuries could fail to understand that his right of recovery on account of defendant's negligence was being contested on account of his own negligence."

See, also, Friddle v. Southern Pac. Co., 126 Cal.App. 388, 14 P.2d 568, 571, where defendant's answer alleged: "That said Glen Friddle met his death by and through his own negligence and that his own negligence was the proximate cause of his death in this * * *", etc.

The court said:

"It is difficult to see wherein this pleading is insufficient to present the issue of contributory negligence. It is true that in a discussion between counsel at the trial, counsel for appellant equivocally conceded that contributory negligence was not an issue but this concession was always with the stout insistence that the appellant was guilty of no negligence and that the accident was caused solely through the negligence of decedent. Both counsel in the discussion seemed to be adroitly maneuvering the other into some sort of an admission.

"Appellant's counsel and respondents' counsel both were of the impression that in order to advance the defense of contributory negligence it was necessary that defendant first admit its own negligence. This the appellant declined to do. In this appellant was correct. In sheets v. Southern Pacific [Co.], 212 Cal. [509] at page 515, 299 P. 71, the court said: 'It is not the law that a plea of contributory negligence is an admission of culpable negligence on the part of the defendant. A defendant may deny that he was guilty of any negligence, and at the same time consistently claim that, even if the jury should find that he has been negligent, the plaintiff would not have sustained any injury if it had not been for his own negligence as the approximate cause.' This is exactly what appellant did here.

"In Hoffman v. Southern Pacific Company, 84 Cal.App. [337], at pages 346 et seq., 258 P. 397, this question of pleading is elaborately discussed. As a matter of interpretation and construction, the greater always includes the lesser, and where, as here, the defense is made that the negligence of plaintiff was the proximate cause of the injuries, the allegation would include any negligence that contributed to the said injuries.

"As stated in the Hoffman Case, it would seem an absurd proceeding to put the defendant at the risk of absolving himself from all negligence before he could advance the defense of contributory negligence."

Being now lined up by our decision in the Sandoval case with the courts which hold that a plea of contributory negligence "accompanied by a general denial" is not a plea of confession and avoidance, it is proper to hold that if plaintiff's negligence was a concurring proximate cause of the accident or collision he cannot recover. It is not necessarily plaintiff's negligence contributing to defendant's negligence (though it may be) but negligence contributing to the accident or occurrence which will defeat plaintiff's recovery. These observations are so ably explained and fortified by the Oregon Supreme Court in Wallace v. Portland Ry., Light & Power Co., 103 Or. 68, 204 P. 147, 148, that I quote extensively from it, as follows:

"A large majority of the other states, including Oregon, hold generally that the defense of contributory negligence must be pleaded and proved by the preponderance of evidence, in order to be available. Indeed, the later holdings in the courts

of some of the states which originally enunciated a contrary doctrine are to that effect now, notably in Indiana, where a contrary rule has been established by statute, and in Louisiana, as shown by Pollich v. Sellers, 42 La.Ann. 623, 7 So. 786. So that it may safely be affirmed that contributory negligence is held by the great weight of authority to be a defense which must be pleaded and proved in order to be available, except perhaps in those rare instances where it conclusively appears from the testimony adduced by plaintiff. This conclusion, while establishing the principle that contributory negligence, to be available as a defense, must be pleaded, still leaves open the question as to whether an answer which denies defendant's negligence, and alleges that the negligence of plaintiff contributed to or produced the injury, is sufficient to justify a defense of contributory negligence. In other words, must the defendant confess his own negligence before he can be permitted to prove the negligence of the plaintiff contributing to the injury? In our opinion, the fairer and better rule is that a plea of negligence by plaintiff is not inconsistent with a denial of defendant's negligence, and that such plea is broad enough to admit evidence, and an instruction on behalf of defendant, based upon the theory of contributory negligence. * * *

"Assuming it to be established that a plea of contributory negligence is not a plea in the nature of confession and avoidance, and that a defendant may generally deny negligence and at the same time plead the contributory negligence of the plaintiff, the next question concerns the manner in which such negligence should be pleaded. Upon this point the writer is of the opinion that many of the courts have made the mistake of laying too great stress upon the term 'contributory negligence.' The weight of precedent outside of this state is undoubtedly to the effect that the term 'contributory negligence' indicates that there was some other negligence than that of the defendant, which tended to produce the injury, a conclusion logically opposed to the doctrine enunciated by Mr. Thompson, supra, and the authorities cited by him in support of it. The logical view is that there may be an act by a defendant, not in itself negligent, which, coupled with the negligent act of an injured person, has produced an injury to him; in other words, that the plaintiff, by contributing to the lawful act of defendant a negligent act of his own, has produced an injury. This case may furnish an example. It was a perfectly lawful and proper act for defendant to move its cars on the public streets. Such an act in itself could produce no injury. But if, in addition to this fact, it should appear that plaintiff negligently stepped off the car while it was in motion, and was thereby injured, it can fairly be said that the lawful and proper act of defendant in running its car upon the public street, plus the negligent act of plaintiff in alighting from the car when the same was so in motion, concurred to produce the injury which could not have occurred had the car been standing still. Plaintiff's

contribution to the accident would be the negligent act of attempting to alight when the car was in motion. *It was not negligence contributing to some one else's negligence, but negligence contributing to an injury, the joint result of two acts, one lawful and the other negligent.* These observations have no relation to the merits of the instant case, except in so far as they serve to illustrate the contentions of the parties. * * *

*"Now that the old doctrine that it is a plea in confession and avoidance is practically discarded by the later decisions, it seems absurd to say that while, under a plea that plaintiff's negligence was partly the cause of the accident,* defendant may offer proof and have an instruction upon the theory of contributory negligence of plaintiff, yet if he goes a step further, and pleads that plaintiff's negligence was wholly the proximate cause, his testimony to the effect that it was partly the cause must be disregarded. The reasoning which makes a part more comprehensive than the whole does not appeal to the writer's sense of judicial logic." (Emphasis mine)

The Supreme Court of New Jersey in Feb., 1936, in Dragan v. Grossman, 116 N. J.L. 182, 182 A. 848, 849, put the matter this way:

"The second defense in the answer was as follows: 'The negligence of the plaintiff, Walter Dragan, the servant and agent of the plaintiff, Alex Antoniers, who operated his automobile in a careless and reckless manner and without regard for others using the highway was the cause of the alleged accident.'

"The law of liability in cases of negligence, to the effect that one who complains of the negligence of another cannot recover if his own negligence has in anywise contributed to the wrong which is made the basis of recovery, is too well settled in this state in actions like the present to call for the citation of authority. * * *

"Respondents seek to support the instruction on the ground that the pleading did not use the words 'contributory negligence,' but implied that the carelessness of the plaintiff was the sole cause of the accident. We do not see our way to draw the line so tightly. While ordinarily the words 'contributory negligence' imply a primary negligence in the adverse party, nevertheless, in a literal sense, it implies nothing more than that the conduct of the plaintiff has contributed by his negligence to the thing which happened, namely, in this case, the accident. Whether in whole or in part such negligence was the cause of the plaintiff's loss it would prevent a recovery against the defendants.

"When, therefore, it was charged in the answer that the plaintiff's own misconduct was its producing cause it necessarily followed that it was the cause in part as well. As was said in the similar case of Wallace v. Portland Ry., Light & Power Co., 103 Or. 68, 204 P. 147, 149, 'It seems absurd to say that while, under a plea that plaintiff's negligence was partly the cause of the accident, defendant may offer proof

and have an instruction upon the theory of contributory negligence of plaintiff, yet if he goes a step further, and pleads that plaintiff's negligence was wholly the proximate cause, his testimony to the effect that it was partly the cause must be disregarded.'

"We think the plaintiffs were fairly apprised of the fact that the conduct of the plaintiff's chauffeur would be made a basis of defense, and this question should have been submitted to the jury."

There is another phase of the matter which should be given consideration. In § 693 of 45 C.J. it is said:

"bb. Where Plaintiff Negatives Contributory Negligence. In some jurisdictions, defendant must specially plead contributory negligence, notwithstanding the complaint alleges that plaintiff was free from fault. But in other jurisdictions, where plaintiff makes such an allegation and defendant specifically denies the same, the question of· contributory negligence is sufficiently raised without any further pleading, especially where the reply denies that plaintiff's injuries were the result of his own negligence, * * *"

Consulting the pleadings in the case at bar we find that the plaintiff alleged: "That the aforesaid occurrence· and the injuries to the plaintiff resulting therefrom, were caused in no way by the negligence on the part of plaintiff, but were caused solely by reason of the negligence, carelessness and recklessness of the defendant, etc."

The answer denies generally the foregoing allegation and alleges certain facts, followed by the statement "and that the sole and proximate cause of the collision and consequent injuries to the plaintiff was the careless, reckless, negligent and excessive rate of speed and manner of operation on the part of the plaintiff of his said automobile."

The reply states among other things:

"Plaintiff specifically denies that the sole and proximate cause of the collision and consequent injuries to plaintiff was due to the careless, reckless, negligent and excessive rate of speed and manner of operation on the part of plaintiff of his automobile, or was in any other manner due to plaintiff's negligence in driving and operating his automobile.

"And on the contrary, plaintiff alleges the fact to be that the sole and proximate cause of said collision and the consequent injuries and damages to plaintiff were due and brought about by the careless, reckless and negligent manner in which defendant was operating his automobile at said time and place."

The importance of considering the state of the pleadings in reaching a decision is noted by the Supreme Court of Minnesota in H. L. Elliott Jobbing Co. v. Chicago St. P., M. & O. Ry. Co., 136 Minn. 138, 161 N.W. 390. In that case the answer contained a general denial of the negligence alleged in the complaint, and affirmatively alleged: "that the damage to said automobile was caused by the negligence

of the said plaintiff and its servant and employé, and not otherwise". The court over objection submitted the question of contributory negligence to the jury. The court said: "The argument is that the allegation quoted is an averment that the plaintiff's negligence solely caused the damage, and that it negatives the negligence of the defendant charged in the complaint, though unnecessarily so, since it is put in issue by the general denial, but that it is not an averment that the plaintiff's negligence contributed with that of the defendant in doing the wrong and indeed is inconsistent with such a charge. The logic of the argument is appreciated. We do not minimize its force. The rules of pleading are more a means than an end. The thing desired is that controversies may be litigated in an orderly manner and fairly to the parties. It is the long-established practice in this state to receive evidence of contributory negligence under an affirmative allegation that the plaintiff's negligence was the cause, or the sole cause, of the injury. This is a common form of pleading. It is the understanding of the bar that it permits proof of contributory negligence. *The plaintiff interposed a reply. It was unnecessary unless the answer alleged contributory negligence.* Our practice works well and is without prejudice to a litigant. We should not disturb it merely to conform to a rule of greater logical nicety." (Emphasis mine)

Counsel for plaintiff (appellee) by failing to move to strike the portion of the answer heretofore quoted and by replying thereto in the manner stated presented an issue—if not of contributory negligence with the nicety of pleading sometimes demanded—nevertheless the issue of plaintiff's negligence as the *sole* cause of the accident—thereby inviting the court to place the burden of proof upon the defendant to prove that plaintiff's negligence was the sole cause of the accident. I have heretofore spoken of what the parties alleged in their pleadings. I turn to what the court said in his instructions so far as now here material. Summarized they are as follows:

Instruction No. 5. The plaintiff alleges, but defendant denies, that while plaintiff was lawfully driving his automobile at a lawful rate of speed on a public highway, the defendant, who was then and there driving his automobile on said highway, so carelessly, negligently and recklessly managed and operated his said automobile that the same was violently propelled against plaintiff's automobile, causing the same to overturn, thereby injuring plaintiff, *and that the aforesaid occurrence and the injuries to plaintiff resulting therefrom* were in no way caused by negligence upon the part of the plaintiff, but were caused solely by reason of the negligence, carelessness and recklessness of the defendant, in operating his said automobile at a dangerous, rapid, reckless and unlawful rate of speed, etc.

Instruction No. 6. "Under the issues made up as aforesaid the burden of proof rests upon the plaintiff to establish them

by a preponderance of the evidence.
* * *"

Instruction No. 7. The defendant on his part alleges as follows: Defendant was proceeding along the highway, and was driving his automobile at a slow rate of speed, exercising due care and caution, and plaintiff came toward the intersection (where the accident occurred) at a high and very excessive rate of speed, causing a collision with defendant's automobile, "and that the sole and proximate cause of the collision and consequent injuries to the plaintiff was the careless, reckless, negligent and excessive rate of speed and manner of operation on the part of plaintiff of his said automobile" and to which foregoing allegations, the plaintiff answers and alleges as follows: (Here the court quoted plaintiff's specific denials of matters alleged in defendant's answer including the following): "and plaintiff specifically denies that the sole and proximate cause of the collision and consequent injuries to plaintiff was due to the careless, reckless, and negligent and excessive rate of speed and manner of operation on the part of plaintiff of his automobile, or was in any other manner due to plaintiff's negligence in driving and operating his automobile; and on the contrary, plaintiff alleges the fact to be that the sole and proximate cause of said collision and the consequent injuries and damages to plaintiff were due and brought about by the careless, reckless and negligent manner in which defendant was operating his automobile at said time and place."

Instruction No. 8 was as follows: "Under the issues made up by the allegations of the defendant and the denials thereof as set forth in the next preceding paragraph of these instructions, the burden of proof rests upon the defendant to establish them by a preponderance of the evidence as the term has been defined to you. As to allegations on the part of the plaintiff, other than denials, set forth in the said next preceding paragraph they are taken in law to be denied by the defendant, and you should consider them, as so denied, and under such allegations and denials, the burden of proof rests upon the plaintiff to establish such allegations by a preponderance of the evidence as the term has been defined to you."

No objections were made by the plaintiff to the instructions and to the court's manner of defining the issues. I cannot conceive that the learned trial judge instructed as he did in instruction No. 8 which is said by the majority to be error except on the theory that an affirmative issue of some sort had been injected into the case by defendant (in addition to his general denial) as defeasive of plaintiff's cause of action and acquiesced in by plaintiff. Assuming that contributory negligence is an affirmative defense, and must be specially pleaded, and the burden is upon him who asserts it to prove it, then if the sole negligence of the plaintiff may be framed into an issue, it would seem that the burden of proving it would also be upon defendant who asserts it.

In 45 C.J. "Negligence", § 703, it is said that it has been held that a plea alleging

that plaintiff was injured solely by his own fault, carelessness, or negligence is sufficient to put in issue plaintiff's negligence as the sole cause of the injury. It was said in Crawshaw v. Mable, supra, "Negligence of the plaintiff, whether the sole cause or merely a contributing cause of his injuries, is a bar to his action, and is, of course, properly pleaded in bar and so pleading it furnishes no ground for construing the pleading as a mere negation of negligence on the part of defendant." It has been said that under this view the defendant is entitled to only two instructions—one as to his freedom from negligengce and the other as to the plaintiff's sole negligence. Some courts, however, hold that the *state of the evidence* as well as justice requires the third instruction as to contributory negligence. See Rayland Coal Co. v. McFadden, 90 Ohio St. 183, 107 N.E. 330, 333 where the court said: "When the evidence on the trial develops a situation in which it is disclosed that the claims of neither of the parties as stated in their pleadings as to proximate cause have been sustained, that both have been negligent in such essential matters as combined to be the proximate cause of the injury, then it is the duty of the court to instruct the jury as to the law touching the situation so developed. The term to be applied to such combined and concurring acts of the parties is not important or material. The essential thing is that the jury must not be allowed to gain an erroneous conception of the law governing such a situation."

In Jensen v. Logan City, 1936, 89 Utah 347, 57 P.2d 708, 715, the court in discussing problems similar to those in the case at bar said: "It would be difficult under such circumstances to hold otherwise, because until the evidence was all in it might be next to impossible to determine whether the injury was due solely to the plaintiff's negligence, solely to the defendant's, or whether they concurred to produce the accident. And if there is any evidence of contributory negligence which was properly admitted in the case, the jury must be guided by instruction in regard thereto. The upshot of the matter is that in many cases the matter of contributory negligence, whether pleaded by the defendant specially or not, comes in by plaintiff's evidence or because, under a general denial or plea that the accident was due solely to plaintiff's negligence, the evidence *necessarily raises the question of contributory negligence* and thus raises, as held by the case of Riley v. Good, supra [142 Or. 155, 18 P.2d 222], a requirement on the part of the court to instruct relative to it. It is the recognition of these facts which has led to the lack of technical requirements in pleading contributory negligence. In many cases it will enter whether pleaded or not. *Moreover, there is a tendency now to view contributory negligence not as a plea in confession and avoidance, but as directly defeasive of plaintiff's cause of action and,* therefore (if it were not for custom and the practical consideration of putting plaintiff on notice of what he had to meet), *of treating it as admissible under the general denial.* And, indeed, the reasoning is not without validity. If plaintiff has been guilty of negligence which contributed to the accident,

the injury has not been caused by the defendant's negligence but by both negligences; consequently by denying the allegation that the negligence of defendant caused the accident, defendant not only denies that he was negligent, but denies that his negligence, if any, caused the injury. If he can show that the contributory negligence of plaintiff caused or contributed to it, it may be said, not without reason, that he has established his denial of the allegation that his own negligence caused it. It is because courts, on the one hand, felt that contributory negligence logically might be shown under the general denial, and yet, on the other hand, believed it was only fair that the plaintiff should be notified at least generally that the defendant intended to rely on contributory negligence, that they required it to be specially pleaded."

These last mentioned illustrations are not unlike the situation in State v. Smith, 26 N. M. 482, 194 P. 869, 872, where the prosecution attempted to prove murder in the first degree perpetrated by lying in wait, and the defendant pleaded self defense, and the court properly instructed the jury on murder in the second degree. In that case we said: "In this connection it is to be remembered that the jury is the judge of the facts. They may believe or doubt all or parts of the evidence for the prosecution or for the defense. This being so, they were at liberty to disbelieve the state's evidence as to lying in wait to kill deceased, or that defendant entertained express malice. On the other hand, they might have believed defendant killed without very considerable provocation and without justification on the ground of self-defense. Under such circumstances, defendant was guilty of murder in the second degree, as the jury found."

So in the case at bar the jury might believe or doubt all or parts of the evidence of the plaintiff or the defendant. This being so, they were at liberty to disbelieve the plaintiff's evidence that the accident was caused *solely* by the defendant's negligence as plaintiff alleged. On the other hand, they were at liberty to disbelieve the defendant's evidence and contention that plaintiff's negligence was the *sole* cause of the accident as the defendant alleged and yet have believed that plaintiff's negligence contributed partly to the accident and the consequent injuries to plaintiff.

With the situation before us I think it would be drawing the line too tightly to say that contributory negligence is not pleaded, particularly in view of our statute requiring a liberal construction of pleadings set forth as § 105-524, N.M.S.A.1929, as follows: "In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view to substantial justice between the parties. (L. '97, Ch. 73, § 68; C.L. '97, § 2685; Code '15, § 4148)."

So far as notice to the plaintiff of what defendant intends to produce in order to defeat plaintiff's claim it would seem rather odd that the defendant may defeat the plaintiff's claim by showing that the accident

was caused by the Act of God, the negligence of a third person or the sole negligence of the plaintiff without notice other than that afforded by the general denial of defendant and yet defendant may not do so when plaintiff's negligence is partly the cause of the accident. The result in my opinion is that the parties invited by their pleadings and acquiescence the giving of instruction No. 8 and therefore there is no reversible error on account of the same having been given, but having been given it was error of the court not to so instruct the jury that the burden then imposed upon the defendant would be discharged if the jury believed from the evidence that the negligence of the plaintiff if proven was *in part* the proximate cause of the occurrence and consequent injuries to the plaintiff.

I agree with the progressive law writers that pleadings are a means to an end, the end being the administration of justice. The strict reasoning of the majority which makes a part more comprehensive than the whole does not appeal to the writer's sense of judicial logic. Defendant's pleading did not tend to mislead plaintiff as to the defense contemplated. In view of the legislative admonition quoted supra, and as appellee did not demand greater particularity in the answer and suffered evidence to be introduced which was subject to an interpretation as constituting contributory negligence, I think the issue of contributory negligence should have been submitted—and that it was error on the part of the court to decline to do so.